## 21564

Helen SASSER, Appellant, v. The SOUTH CAROLINA DEMOCRA- TIC PARTY, The Georgetown County Democratic Club, The Horry County Democratic Party, The State Election Commission of South Carolina, The Board of Registration of Horry County, Sheriff Michael Carter, Julian Reynolds and The Horry County Clerk of Court, Respondents.

(282 S. E. (2d) 602)

*Thomas D. Broadwater, Sr.* of *Broadwater Associates* and *Jack F. McGuinn* and *Lewis C. Lanier,* Columbia, *for appellant.*

*Edward E. Poliakoff* of *Nelson, Mullins, Grier & Scarborough, Senior Asst. Atty. Gen. Treva G. Ashworth* and *Elliott D. Thompson,* Columbia, *John P. Henry* of *Thompson, Henry & Lovelace, Evans M. Bunch* and *J. M. Long, Jr.,* Conway, *William W. Doar, Jr.* of *Moore, Flowers & Doar,* Georgetown, *for respondents.*

September 15, 1981.

*Per Curiam:*

This is an appeal from a circuit court order sustaining demurrers to appellant's petition to nullify the results of the June 1980 Democratic primary for the nomination to the South Carolina House of Representatives in District 106.

Appellant undertook to gain the Democratic nomination for District 106, which is located in Horry and Georgetown Counties, in the June 10, 1980 primary election. Because no candidate received a majority vote, a run-off election between appellant and respondent Julian Reynolds was conducted on June 24. As a result of that run-off election, Reynolds was declared the Democratic nominee for the general election. Appellant protested the results of the run-off election to the South Carolina Democratic Executive Committee. On July 24, 1980, that Committee denied appellant's protest and reaffirmed Reynolds as the party nominee. Appellant subsequently sought

to contest that decision by petition to the circuit court instead of by *writ of certiorari* to this Court.

Pursuant to the case of *Whipper v. Talbird,* 32 S. C. 1, ■ 10 S. E. 578 (1890), no appeal is to be allowed from an inferior or special tribunal, except in cases where it is expressly granted by law. Although Section 18-7-10, S. C. Code (1976) provides that appeals from magistrate's court, the governing body of a county, or any other inferior court or jurisdiction are to be made to the circuit court of the county where judgment was rendered, no provision is made for appeals from decisions of the executive committee of a recognized political party. *See* § 7-17-550, S. C. Code (1976). Instead, the Democratic Executive Committee would appear to be analogous to the Board of State Canvassers, which has been found to be a special tribunal. *Whipper v. Talbird, supra.* Appellant's proper remedy would therefore be through *writ of certiorari* to this Court. *See Gregory v. S. C. Democratic Executive Committee,* 271 S. C. 364, 247 S. E. (2d) 439 (1978).

However, by the very nature of the election system, ■ contests of a primary election must be settled in time for the electorate to exercise their voting franchise at the general election set by law. As a general rule, courts have held that they are without power to grant substantial relief once the time passes for the name of a contestant to be certified for the election of officers to be placed on the official ballot. *See Board of Supervisors of Maricopa v. Superior Court,* 103 Ariz. 502, 446 P. (2d) 231 (1968); *Sterling v. Ferguson,* 122 Tex. 122, 53 S. W. (2d) 753 (1932); *Hill v. Superior Court,* 109 Cal. App. 91, 292 P. 662 (1932). Except in cases of special and municipal elections, Section 7-13-350, S. C. Code (Cum. Supp. 1980) requires the certification of candidates nominated by petition, primary, or convention no later than noon on September 18 before the election, or, if that date falls on a Sunday, no later than the following Monday. In the instant case, the election has already occurred. It is therefore our determination that the issues raised by this action have been rendered moot. Accordingly, the appeal must be dismissed with prejudice.