22395

Steven W. HAMM, Consumer Advocate for the State of South Carolina, Respondent, v. The SOUTH CAROLINA PUBLIC SERVICE COMMISSION and South Carolina Electric and Gas Company, Appellants.

(336 S. E. (2d) 470)

Supreme Court

*Arthur G. Fusco* and *Sarena K. Dickerson,* Columbia, *for S. C. Public Service Comm.*

*H. Simmons Tate, Jr.,* and *Frances P. Mood* of *Boyd, Knowlton, Tate & Finlay* and *Patricia T. Marcotsis,* Columbia, *for S. C. Elec. and Gas. Co.*

*Steven W. Hamm, Raymon E. Lark, Jr.,* and *Lee Jedziniak,* Columbia, *for respondent.*

Heard Sept. 24, 1985.

Decided Oct. 28, 1985.

NESS, Chief Justice.

The South Carolina Public Service Commission (PSC) and South Carolina Electric and Gas Company (SCE & G) appeal the circuit court's denial of their motion to dismiss. We affirm.

In 1983, SCE & G filed an application with the PSC for an increase in utility rates. The Consumer Advocate for South Carolina, Steven W. Hamm, was granted leave to intervene. Following a hearing, the PSC issued an order granting, in part, SCE & G's request. Hamm's petition to reconsider was denied by order dated March 30, 1984.

PSC mailed a copy of the order denying rehearing to Hamm's office, where a return receipt was signed by a mailroom employee on April 2, 1984. The envelope was addressed to Russ Putnam who PSC knew had not been employed by Hamm for several months. The whereabouts of this envelope or its contents have never been determined. Hamm received written notice of the order on April 4, 1984, when he learned the order had been issued and obtained a copy from PSC's office. On the 30th day thereafter, he commenced an action in circuit court for judicial review.

Appellants moved to dismiss, arguing the appeal was not timely. The trial judge denied the motion, finding that the thirty day period to appeal runs from date of written notice. We agree.

Under S. C. Code Ann. Section 58-27-230 (1976), appeals from orders of the PSC must be commenced within thirty days after notice of the order. Appellants argue this provision has been superseded by the enactment of the Administrative Procedures Act, which provides that appeals from agency rulings must be commenced within thirty days after the decision. S. C. Code Ann. Section 1-23-380(b) (Supp. 1984). They assert the order was issued on March 30, 1984, and the thirty days runs from that date.

We have held that the APA controls review of agency decisions. *Parker v. South Carolina Dairy Commission*, 274 S. C. 209, 262 S. E. (2d) 38 (1980). While a literal reading of Section 1-23-380(b) suggests the thirty

days to appeal runs from the time the decision is made, we believe the statute must be read to allow a party thirty days after *notice* of a decision to bring an appeal.

However clear the language of a statute may be, the court will reject that meaning when it leads to an absurd result not possibly intended by the legislature. *State, ex rel. McLeod v. Montgomery*, 244 S. C. 308, 136 S. E. (2d) 778 (1964). If time to appeal ran from the date a decision was actually made, an agency could preclude judicial review in all cases simply by concealing its decision until the thirty days had run. Such a result could not have been intended by the legislature. We hold that under Section 1-23-380(b), a party has thirty days after receiving written notice to appeal an agency decision.

Clearly, PSC's attempts to serve Hamm by mailing the order to his former employee were invalid. Hamm received notice of the order on April 4, 1984, when it was picked up from PSC's office by his employee. Appeal was timely filed.

Affirmed.

HARWELL, CHANDLER and FINNEY, JJ., concur.

LITTLEJOHN, Acting Associate Justice, concurs.

GREGORY, J., disqualified.