665 S.E.2d 171

**Frank E. WILLIS, Appellant,**

**v.**

**Stephen J. WUKELA and the South Carolina Democratic Party Board of State Canvassers of Municipal Primaries, Respondents.**

**No. 26530.**

Supreme Court of South Carolina.

Submitted Aug. 6, 2008.

Decided Aug. 7, 2008.

---

Dennis J. Lynch, of Nexsen Pruet, LLC, of Columbia; George D. Jebaily, of Jebaily Law Firm, of Florence; and James B. Richardson, Jr., of Columbia, for Appellant.

Steve Wukela, Jr., of Wukela Law Firm, of Florence; William Norman Nettles, of Sanders & Nettles, LLC, of Columbia, for Respondents.

PER CURIAM:

This election dispute concerns the Democratic Primary election for the office of the Mayor of Florence, which appellant, Frank Willis, lost by one vote to respondent, Stephen J. Wukela. We dismiss Willis' appeal.

## FACTS

The City of Florence held its municipal primary elections on June 10, 2008, in conjunction with several other elections.[1] After Wukela was declared the winner of the Florence Democratic Mayoral Primary by a single vote, Willis filed a protest

---

[1]. By agreement, city, county, state, and national primaries were held on the same day. The Florence County Election Commission conducted the mayoral primary. *See* S.C.Code Ann. § 5–15–145 (2004) ("Municipalities are authorized to transfer authority for conducting municipal elections to the county elections commissions.").

with the Florence Democratic Party. The Executive Committee of the City of Florence Democratic Party transferred its responsibility to certify the results of the election to the South Carolina Democratic Party. Following a lengthy hearing on June 21, the South Carolina Democratic Party Board of State Canvassers of Municipal Primaries voted to uphold the election results.

Willis filed a timely notice of appeal and the matter was heard before the circuit court on July 2. The circuit court judge issued an order affirming Wukela's certification on July 14. Willis filed a motion to alter or amend, which was denied on July 18.

Willis appealed to this Court and sought to expedite the appeal. Wukela filed a motion to dismiss the appeal. On July 28, the Court ordered that the parties file briefs pursuant to an expedited briefing schedule and indicated the Court would consider the motion to dismiss when it considered the appeal on the merits.

## ISSUE

Wukela argues in his motion to dismiss that the issue is moot because the winner of the primary must be certified on or before August 15, 2008. We agree. *See e.g. Curtis v. State,* 345 S.C. 557, 567, 549 S.E.2d 591, 596 (2001) (holding a case becomes moot when a ruling will have no practical effect upon the existing controversy).

## ANALYSIS

South Carolina Code Ann. § 7–13–350 (Supp.2007), specifies two different, mandatory deadlines for certifying the winners of party primaries so that the winners may be placed upon the ballot for general or special elections. Section 7–13–350(A) provides in pertinent part:

Except as otherwise provided in this section, the nominees in a party primary or party convention held under the provisions of this title by any political party certified by the commission for one or more of the offices, national, state, circuit, multi-county district, countywide, less than countywide, **or municipal to be voted on in the general election, held on the first Tuesday following the first Monday in**

**November, must be placed upon the appropriate ballot** for the election as candidates nominated by the party by the authority charged by law with preparing the ballot if the names of the nominees are certified, in writing, by the political party chairman, vice-chairman, or secretary to the authority, for general elections held under Section 7–13–10, **not later than twelve o'clock noon on August fifteenth** or, if August fifteenth falls on Saturday or Sunday, not later than twelve o'clock noon on the following Monday; **and for a special or municipal general election, by at least twelve o'clock noon on the sixtieth day prior to the date of holding the election,** or if the sixtieth day falls on Sunday, by twelve o'clock noon on the following Monday . . . .

(Emphasis added).

Willis maintains the Democratic Party must certify its nominee for placement on the ballot by September 5, sixty days before the November 4 election, in accordance with the second portion of § 7–13–350. In support of this argument, Willis has presented the affidavit of Steven Love, Interim Director of the Florence County Voter Registration and Election Commission. Love states in his affidavit that a new primary could be conducted on August 26 in order for the time allotted for canvassing and certification of the results to run its course by September 5. He also testified at the hearing before the State Board of Canvassers that the Election Commission would need approximately thirty days to prepare for another election. Love states in his affidavit that, in order to hold an election by August 26, the Florence Voter Registration and Election Commission *must* receive a court order requiring such an election by no later than August 8.[2]

Wukela, on the other hand, asserts the first portion of the statute applies and, because the Florence municipal election is scheduled at the same time as the November 4 general election, the Democratic nominee must be certified by August 15. In support of this argument, Wukela points to City of Florence Municipal Ordinance 2008–04, which was passed in February 2008. Ordinance 2008–04 states, "[t]he General Election shall be held on November 4, 2008 . . . at which time

---

2. We note August 26 is actually eighteen, not thirty days, from August 8.

the Mayor and two City Council members shall be elected at-large." The ordinance also mandates that "[p]olitical party primaries or conventions **must** certify nominees to the Municipal Election Commission **no later than noon on August 15, 2008.**" (Emphasis added). Based on the above, Wukela maintains the matter was moot on or before July 17, provided a lead time of thirty days is necessary to organize and hold the election, as Love states in his affidavit.

A municipality may hold elections, primary or otherwise, whenever it wishes. S.C.Code Ann. § 5–15–50 (2004) ("Each municipal governing body may by ordinance establish municipal ward lines and the time for general and special elections within the municipality"); S.C.Code Ann. § 5–15–70 (2004) (noting each municipal body shall determine by ordinance the time for filing nominating petitions and holding primary elections or conventions). A plain reading of § 7–13–350 reveals that, when a municipality chooses to hold its election to coincide with the general election occurring on the first Tuesday following the first Monday in November, a winner **must** be certified no later than August 15. *E.g. Sloan v. S.C. Bd. of Physical Therapy Examr's,* 370 S.C. 452, 469, 636 S.E.2d 598, 607 (2006) (holding the words of a statute must be given their plain and ordinary meaning without resort to subtle or forced construction to limit or expand the statute's operation).

Willis argues the sixty day rule applies because the August 15 date governs only general elections held pursuant to S.C.Code Ann. § 7–13–10 (1976), and § 7–13–10 governs general elections for federal, state, and county offices. However, Willis ignores the fact the City of Florence chose to hold its municipal election simultaneously with the federal, state, and county election, which was held pursuant to § 7–13–10. Moreover, changing the certification date by amended ordinance, as Willis is currently seeking to do, will have no effect on the date the results must be certified because the city cannot contravene the express requirement of the statute by ordinance. *Barnhill v. City of North Myrtle Beach,* 333 S.C. 482, 487, 511 S.E.2d 361, 363 (1999) ("In order for there to be a conflict between a state statute and a municipal ordinance, both must contain either express or implied conditions that are inconsistent and irreconcilable with each other").

Based on Willis' statements in his return and his brief, together with Love's statements in his affidavit that Florence County needs substantial lead time before it can hold another election, holding another election is, for all intents and purposes, impossible. In *Sasser v. S.C. Democratic Party*, 277 S.C. 67, 69, 282 S.E.2d 602, 604 (1981), this Court noted that, by the very nature of the election system, contests of a primary election must be settled in time for the electorate to exercise their voting franchise at the general election set by law. Therefore, "[a]s a general rule, courts have held that they are without power to grant substantial relief once the time passes for the name of a contestant to be certified for the election of officers to be placed on the official ballot." *Sasser*, 282 S.E.2d at 604.

Moreover, the Court found in *Sasser* that § 7–13–350 provided that candidates nominated by party primary, except in cases of special and municipal elections, must be certified by September 18 (which has since been changed to August 15). *Id.* at 603. The Legislature amended the statute in 1998 and specifically added municipal elections to the classes of elections which may be scheduled at the same time as November general elections, from which the results of a primary must be certified by August 15. We hold the intent of the Legislature was clear in mandating that, if a municipal election is scheduled to coincide with a November general election, names of the party candidates must be certified by August 15. *See N.Y. Times Co. v. Spartanburg County Sch. Dist. No. 7*, 374 S.C. 307, 310, 649 S.E.2d 28, 30 (2007) ("In interpreting a statute, our primary purpose is to ascertain the intent of the legislature").

## CONCLUSION

We dismiss the appeal with prejudice pursuant to § 7–13–350 and *Sasser*.

TOAL, C.J., WALLER, PLEICONES, and KITTREDGE, JJ., concur.

BEATTY, J., concurring in result.