702 S.E.2d 246

SOUTH CAROLINA COASTAL CONSERVATION LEAGUE, Respondent/Petitioner,

v.

SOUTH CAROLINA DEPARTMENT OF HEALTH AND ENVIRONMENTAL CONTROL and South Carolina State Ports Authority, Respondents,

of whom South Carolina Department of Health and Environmental Control is Petitioner/Respondent.

and

South Carolina Coastal Conservation League, Respondent/Petitioner,

v.

South Carolina Department of Health and Environmental Control, South Carolina Department of Transportation and South Carolina State Ports Authority, Respondents,

of whom South Carolina Department of Health and Environmental Control, is Petitioner/Respondent.

No. 26892.

Supreme Court of South Carolina.

Heard June 23, 2010.

Decided Nov. 15, 2010.

J. Blanding Holman, IV, of Southern Environmental Law Center, and W. Jefferson Leath, of Leath, Bouch & Crawford, both of Charleston, for Respondent/Petitioner.

Davis Arjuna Whitfield–Cargile, of SCDHEC, of Charleston, and Carlisle Roberts, Jr., of SCDHEC, of Columbia, for Petitioner/Respondent.

Beacham O. Brooker, Jr., of Columbia, for Respondent, SCDOT.

Mitchell Willoughby and Randolph R. Lowell, both of Willoughby & Hoefer, PA, of Columbia, and Philip L. Lawrence, of Charleston, for Respondent SC State Ports Authority.

Derk Van Raalte, IV, of Law Offices of J. Brady Hair, of Charleston, for Amicus Curiae City of North Charleston. James B. Richardson, Jr., of Columbia, for Amicus Curiae Charleston Metro Chamber of Commerce. James S. Chandler, Jr., and Amy E. Armstrong, of Pawleys Island, for Amicus Curiae SC Wildlife, Upstate Forever, Save our Saluda, et al.

Justice KITTREDGE.

The South Carolina States Ports Authority (SPA) and the South Carolina Department of Transportation (DOT) each applied for and received permits from the South Carolina Department of Health and Environmental Control (DHEC) to begin development of a marine container terminal. The South Carolina Coastal Conservation League (the League) sought review of the decision, but the DHEC Board affirmed the DHEC staff decision to issue the permits. The League filed a request for a contested case with the administrative law court (ALC). However, the ALC dismissed the case, finding the League had failed to timely file an appeal with the DHEC Board. The court of appeals affirmed. *S.C. Coastal Conservation League v. S.C. Dep't of Health and Envtl. Control*, 380

S.C. 349, 669 S.E.2d 899 (Ct.App.2008). We granted a writ of certiorari to review that decision.[1] We reverse.

## I.

SPA submitted permit applications to DHEC seeking a critical area permit, coastal zone consistency certification, and a Section 401 water quality certification in order to begin developing a 300–acre marine container terminal on the west bank of the Cooper River. See S.C.Code Ann. § 54–3–270 (Supp.2008). To provide access to the terminal, DOT sought a permit from DHEC to construct a road linking the terminal with Interstate 26.

DHEC issued public notices regarding the pending applications and held many public hearings. The League participated in the hearings and filed multiple comment letters objecting to the permit applications.

On October 30, 2006, DHEC staff granted all necessary permits to SPA authorizing the construction of the terminal, and on October 31, a copy of the decision was sent to SPA by certified mail. On November 2, DHEC staff made an amendment to the permit and sent notice of the amended permit to SPA by certified mail. On November 13, SPA filed a notice of appeal with the DHEC Board merely seeking to clarify certain terms and conditions.

On November 17, counsel for the League emailed DHEC indicating he was made aware that DHEC granted SPA a permit, but that no public notice had been issued. An employee from DHEC responded in an email, making it plain that DHEC was aware of the League's involvement and desire to be notified of the agency decision: "Did he also mention they [SPA] appealed it? ? ? ? You were on the mailing list and should have received a copy. Did you not get it?" DHEC immediately sent notice of the staff decision to the League. The League received the notice on November 20 by mail[2] and filed a notice of appeal that day.

---

1. We note that the issues presented in this case are purely questions of statutory interpretation regarding appeals from the DHEC staff decisions to the DHEC Board. The merits of the staff decision are not implicated in this appeal and are not addressed by either side.

2. It appears DHEC mailed written notice of the decision regarding SPA's permit on Friday, November 17, and the League received this notice on Monday, November 20.

On November 13, DHEC approved DOT's permit and issued notice to DOT by certified mail. The League received notice of this decision on November 29 and filed a notice of appeal the following day on November 30.[3]

South Carolina Code Ann. § 44–1–60(E) (Supp.2008) was enacted in 2006 as a part of Act No. 387 and became effective July 1, 2006. This act amended and added statutory provisions relating to administrative procedures and appeals. Section 44–1–60(E) provides:

Notice of the department decision must be sent to the applicant, permittee, licensee, and affected persons who have asked to be notified by certified mail, return receipt requested. The department decision becomes the final agency decision fifteen days after notice of the department decision has been mailed to the applicant, unless a written request for final review is filed with the department by the applicant, permittee, licensee, or affected person.

The League filed its notices of appeal of the DHEC staff decisions regarding SPA's and DOT's permits more than fifteen days after the staff decisions were mailed to SPA and DOT—the applicants—but within fifteen days of the League receiving notice of the decisions. At the hearing before the DHEC Board, DHEC staff initially argued the League's appeal was not timely. The DHEC Board considered this argument, but found the League had timely appealed. The Board proceeded to hear the merits of the League's appeal and ultimately approved the DHEC staff decision to issue the permits.[4]

## A. ALC Order

The ALC found the League's appeal was not timely and issued an order dismissing the case.[5] The ALC interpreted

---

**3.** In its brief, the League states it never received mailed written notice of the staff decision regarding DOT's permit. It is unclear how the League received actual notice of the issuance of DOT's permit.

**4.** At the beginning of the hearing, SPA and DHEC staff informed the DHEC Board that SPA's appeal, in which they merely sought to clarify certain terms in the permit, had been resolved.

**5.** The ALC granted SPA's motion to intervene in the action involving DOT and considered the League's appeals from the issuance of both

§ 44–1–60(E) as unambiguously providing that a party challenging a DHEC staff decision must file a notice of appeal with the DHEC Board within fifteen days after the decision is mailed to the applicant. The ALC ruled that the League had a statutory right to request to be notified of the decision and that there was no "evidence that the League filed a request to be notified of the decision per section 44–1–60(E)."

To counter this interpretation, the League argued it was entitled to notice of the DHEC staff decision pursuant to Regulation 61–101, which requires DHEC to send notice of any decision to issue a Section 401 water certification permit to any party that provides comments to a Section 401 permit application. S.C.Code Ann. Regs. 61–101.G.1 (Supp.2008). The ALC first ruled Regulation 61–101 notice requirements were not applicable to this permit.[6] However, the ALC went on to find the notice requirements in Regulation 61–101 directly conflicted with the notice requirements in § 44–1–60(E) and, therefore, ruled the regulation "had been superseded" by the statute.[7]

## B. Court of Appeals

The court of appeals' opinion followed the reasoning of the ALC. The court of appeals held § 44–1–60(E) unambiguously requires a party to file a request for final review within fifteen days from the date DHEC mails the decision to the applicant—not fifteen days after notice of the decision is received. It held the League **"failed to request notification of the staff decision as delineated in Section 44–1–60(E)."** *S.C.*

---

permits together. The matters were consolidated in the court of appeals.

6. Specifically, the ALC found this permit involved not only a Section 401 permit, but also a critical area permit. Regulation 61–101 provides that where a critical area is involved, the procedures found in the critical area permitting regime apply, rather than the procedures found in the Section 401 permitting regime. The critical area regulations do not require DHEC to notify all parties who provide comment to the application.

7. *See* Act No. 387, § 53 ("This act is intended to provide a uniform procedure for contested cases and appeals from administrative agencies and to the extent that a provision of this act conflicts with an existing statute or regulation, the provisions of this act are controlling.").

*Coastal Conservation League,* 380 S.C. at 373, 669 S.E.2d at 911 (emphasis in original). The court examined the relevant dates and held the League had failed to comply with the statute.

The court of appeals also affirmed the ALC's ruling that Regulation 61–101 was invalid to the extent its notice provisions conflicted with § 44–1–60(E). The court found Regulation 61–101 conflicted with § 44–1–60(E) because it expanded the group to which DHEC was required to give notice of a decision regarding the issuance of a Section 401 permit.[8]

We granted DHEC's and the League's petition for a writ of certiorari to review the court of appeals' opinion. Although the parties disagree on the merits of the decision to issue the permits, they both take the position that the League's appeal to the DHEC Board was timely and that the ALC and court of appeals erred in ruling § 44–1–60(E) repealed the notice provisions set forth in Regulation 61–101.[9]

## II.

### Statutory Interpretation

 Statutory interpretation is a question of law. *City of Newberry v. Newberry Elec. Co-op., Inc.,* 387 S.C. 254, 256, 692 S.E.2d 510, 512 (2010). The primary rule of statutory construction is to ascertain and give effect to the intent of the legislature. *Mid–State Auto Auction of Lexington, Inc. v. Altman,* 324 S.C. 65, 69, 476 S.E.2d 690, 692 (1996). Unless there is something in the statute requiring a different interpretation, the words used in a statute must be given their ordinary meaning. *Id.* When a statute's terms are clear and unambiguous on their face, there is no room for statutory

---

8. Regulation 61–101 requires DHEC to notify: agencies having jurisdiction or an interest in the site; adjoining property owners; and parties providing comments. However, § 44–1–60(E) only requires DHEC to notify: the applicant; permittee; licensee; and affected parties requesting notification.

9. Following oral argument, the parties notified the Court that the League and SPA had resolved the League's substantive challenge to the underlying permits. DHEC, which is not a party to the League's settlement agreement with SPA, has requested that the Court resolve the appeal. Accordingly, we proceed with a resolution of this appeal.

construction and a court must apply the statute according to its literal meaning. *Sloan v. Hardee*, 371 S.C. 495, 498, 640 S.E.2d 457, 459 (2007).

## A. Time Period

Section 44–1–60(E) provides, in relevant part:

The department decision becomes the final agency decision fifteen days after notice of the department decision has been mailed to the applicant, unless a written request for final review is filed with the department by the applicant, permittee, licensee, or affected person.

■ The League and DHEC argue the fifteen day time period begins when a party receives notice, not when notice is deposited in the mail. Like the court of appeals, we cannot accept such an interpretation. The clear and unambiguous language in the statute provides that the staff decision becomes final "fifteen days after notice of the department decision *has been mailed* ..." Had the legislature intended for the time period to begin running from the date a party receives notice of the decision, the statute would have been drafted accordingly. Indeed, § 44–1–60(F)(2), the provision immediately following § 44–1–60(E), provides "[w]ithin thirty days after the **receipt** of the decision an applicant, permittee, licensee, or affected person desiring to contest the final agency decision may request a contested case hearing." (Emphasis added). The use of the phrase "receipt of the decision" in § 44–1–60(F)(2) indicates that had the legislature intended for the fifteen day time period to begin after receipt of notice, the legislature knew how to draft the statute to accomplish this result.

The League and DHEC argue this Court's precedent requires that the time period to file an appeal must begin with receipt of notice. In *Hamm v. S.C. Pub. Svs. Comm.*, we held that S.C.Code Ann. § 1–23–380(b) (1984), which provides that a party may appeal "within thirty days after the final decision of the agency," must be read to allow a party to appeal thirty days after receiving notice of the decision. 287 S.C. 180, 336 S.E.2d 470 (1985). Otherwise, an agency could essentially preclude judicial review by concealing its decision until after

the expiration of the thirty days. We held such an interpretation would lead to an absurd result.

We disagree with the argument that *Hamm* requires the time to appeal begins upon receiving notice. The Court in *Hamm* did not hold that a filing period must begin with receipt of notice of an agency's decision. Rather, the Court read a notice requirement into § 1–23–380(b) to avoid "an absurd result not possibly intended by the legislature." Section 44–1–60(E), on the other hand, does not suffer from the same notice infirmity, for it specifically requires DHEC to mail notice of its decision to the applicant, permittee, licensee, and affected persons who have asked to be notified.

### B. Parties to be Notified

In relevant part, § 44–1–60(E) provides that "[n]otice of the department decision must be sent to the applicant, permittee, licensee, and affected persons who have asked to be notified by certified mail, return receipt requested." As stated above, the statute clearly and unambiguously provides that the decision is final fifteen days after notice is mailed to the applicant. However, the statute is not clear as to how an individual or entity acquires the status of "affected persons who have asked to be notified." Moreover, the statute is silent as to whether DHEC must **simultaneously** mail notice to "the applicant, permittee, licensee, and affected persons who have asked to be notified." Of course, without construing § 44–1–60(E) as requiring that notice of the agency decision be mailed simultaneously to those entitled to notice, the statute would be meaningless in terms of providing notice. Here, simultaneous notice was not given to the League. The question becomes whether the League is an "affected person."

### 1. Affected Persons Who Have Asked to be Notified

The ALC and the court of appeals found that the League failed to avail itself of the right to be notified under § 44–1–60(E) because the League failed "to make a formal request to be notified of a decision" and "failed to request notification of the staff decision as delineated in section 44–1–60(E)." We believe the November 17th email acknowledgement by DHEC refutes the suggestion that the League failed to request to be notified of the agency decision.

In our view, the ALC's and the court of appeals' foray into the degree of "formality" needed for § 44–1–60(E) "affected person" status is not necessary for deciding this appeal. DHEC's concession that the League was on the "mailing list and should have received a copy [of the permit decision]" is sufficient for purposes of acquiring "affected person" status. Therefore, given DHEC's concession, we hold the League had asked to be notified of the DHEC staff decision on the permits.

Furthermore, the DHEC Board found the appeal was timely. Although the Board based this decision on the fact that the League filed a request for an appeal within fifteen days of receiving notice, which is not consistent with the statutory language that the appeal be filed within fifteen days of mailing, the Board's ruling indicates that DHEC recognized that the League had asked to be notified of the decision and was entitled to notification. Along the same lines, at the hearing before the ALC, DHEC never stated it followed a formal procedure as to how a party acquires "affected persons who have asked to be notified" status. To the contrary, DHEC indicated it took an informal approach in deciding which parties it notified of its decision.

In finding that the League had asked to be notified of the DHEC staff decision regarding the SPA and DOT permits, we decline to set forth a process of how a party asks to be notified in all cases falling under § 44–1–60(E). We merely hold, under the facts of this case, it is clear the League asked to be notified of the DHEC staff decision regarding the SPA and DOT permits and DHEC believed the League had asked to be notified. The record clearly establishes that throughout the permit application process in this matter, the League was not an obscure or unknown party. The League has been involved in this particular permitting process from the beginning. Therefore, SPA's bold statement that DHEC should not bear the burden of "guess[ing] which commenter or member of the public would like to know about particular decisions" is unavailing under these facts.

## 2. Simultaneous Notifications

We now turn to a potential ambiguity in the statute. For the reasons stated above, the plain language of § 44–1–

60(E) provides the decision of DHEC staff becomes final fifteen days after notice of the decision is mailed, and the statute requires DHEC to send notice of the decision to the applicant, permittee, licensee, and affected persons who have asked to be notified by certified mail. However, the statute is silent as to whether DHEC must mail these notifications simultaneously. In *Hamm*, we read a notice requirement into the statute in order to avoid an absurd result. We believe the same concerns are present here. Failing to interpret this statute as requiring DHEC to mail notifications simultaneously would mean DHEC could mail notice of its decision to the applicant and, fifteen days later, mail notice of the decision to affected persons who have asked to be notified. Under this scenario, the time period for appealing the decision would have expired by the time the affected person receives notice; thus, "affected persons" could be precluded from seeking review. Interpreting the statute to require DHEC to mail the notice of decision to the applicant, permittee, licensee, and affected person at the same time provides a uniform procedure, gives all parties equal opportunity to challenge a decision, and is consistent with the legislative purpose. *See* Act No. 387, § 53 ("This act is intended to provide a uniform procedure for contested cases and appeals from administrative agencies."). As a final matter, we hold that in situations where DHEC fails to simultaneously notify the applicant, permittee, licensee, and affected persons asking to be notified, the latest date of mailing controls when the fifteen day period begins to run.

## C. Repeal of Regulation 61–101

■ Finally, DHEC argues the ALC and the court of appeals erred in finding Regulation 61–101 conflicts with § 44–1–60(E) and is therefore invalid. DHEC expresses particular concern that this ruling could invalidate other notification provisions contained within its numerous regulations.

■ An administrative regulation is valid as long as it is reasonably related to the purpose of the enabling legislation. *McNickel's Inc. v. S.C. Dept. of Revenue*, 331 S.C. 629, 634, 503 S.E.2d 723, 725 (1998). Although a regulation has the force of law, it must fall when it alters or adds to a statute. *Id.*

DHEC is responsible for managing the welfare of our public health systems and environment. In discharging these duties, DHEC has implemented practices and procedures which foster transparency and full disclosure in all matters regarding its regulatory authority. To this end, DHEC has enacted various notification regulations requiring it to send notice to the public of permit applications and to notify particular parties of DHEC's decision on the applications. Regulation 61–101 is one of these types of notification regulations. This regulation establishes procedures and policies for implementing water quality certification requirements of Section 401 of the Clean Water Act and requires DHEC to send notice to specific parties. *See* Regs. 61–101.G.1 (providing DHEC shall mail notice of a proposed decision on an application for water certification to the applicant; agencies having jurisdiction or interest over the activity site; owners or residents of property adjoining the area of the proposed activity; and those persons providing comment in response to the initial notice of application).

In our view, the notice provisions in Regulation 61–101 do not conflict with § 44–1–60(E). Section 44–1–60(E) sets forth the procedure for appealing from a staff decision and provides which parties DHEC is required to notify by certified mail of the decision. On the other hand, Regulation 61–101 serves to further DHEC's policy goals including providing notice to the public, fostering openness, and keeping the public informed about important environmental decisions. Section 44–1–60(E) addresses appellate procedures, while Regulation 61–101 addresses public notice. Although § 44–1–60(E) places an affirmative duty on DHEC to send simultaneous notification of appealable staff decisions to the applicant, permittee, licensee, and affected persons who have asked to be notified by certified mail, it does not prohibit DHEC from sending notice of these decisions to additional persons. For these reasons, we find the regulation does not alter or add to the statute.

## III.

In sum, we hold the ALC and court of appeals erred in ruling the League's appeal was not timely. Section 44–1–60(E) requires DHEC to simultaneously send notice of its decision to the applicant, permittee, licensee, and affected

persons requesting to be notified by certified mail, and the decision becomes final fifteen days after the decision has been mailed. In this case, we find that because the League was an affected person who asked to be notified, the decision did not become final until fifteen days after DHEC mailed the decision to the League. Because the League filed the request for appeal within fifteen days of DHEC mailing it notice of the decision, the appeal was timely. Finally, we hold the notice provision in Regulation 61–101 does not add to or alter § 44–1–60(E), and the regulation therefore remains valid.[10]

**REVERSED.**

BEATTY, J., and Acting Justices JAMES E. MOORE and WILLIAM P. KEESLEY, concur. PLEICONES, Acting Chief Justice, dissenting in a separate opinion.

Acting Chief Justice PLEICONES.

I respectfully dissent. Given the settlement agreement between the South Carolina Coastal Conservation League and the South Carolina Ports Authority, our ruling can have no practical effect upon the case before us. Consequently, I would find that the case is moot and would dismiss certiorari. *See Willis v. Wukela,* 379 S.C. 126, 128, 665 S.E.2d 171, 172 (2008) (holding a case becomes moot when a ruling will have no practical effect upon the existing controversy).

---

**10.** Because the League and SPA have reached an agreement on the League's substantive challenges to the underlying permits, a remand is unnecessary.