**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

Thomas Dewey Wise, Appellant,

v.

South Carolina Department of Health and Environmental Control and South Fenwick, LLC, Respondents.

Appellate Case No. 2011-188446

———

Appeal From Administrative Law Court
John D. McLeod, Administrative Law Judge.

———

Unpublished Opinion No. 2013-UP-072
Heard December 11, 2012 – Filed February 13, 2013

———

**AFFIRMED, in part, REVERSED, in part, AND REMANDED**

———

David K. Haller, of Charleston, for Appellant.

Richard Lee Tapp, Jr., Stephen Peterson Groves, Sr., Bradley David Churdar, and Nathan Michael Haber, of Charleston, and William Marshall Taylor, Jr., of Columbia, for Respondents.

———

**PER CURIAM:** Thomas Dewey Wise appeals the Administrative Law Court's dismissal of his case seeking review of the issuance of a permit by the South Carolina Department of Health and Environmental Control to South Fenwick, LLC, to build a dock on South Fenwick Island. We reverse and remand this case to the Administrative Law Court.

1. Procedures and timely appeal

Wise argues that the court erred in finding that he did not follow procedures prescribed by statute in order to perfect his contested case rights and that Island Preservation did not timely appeal. We agree. Wise, as general partner for Island Preservation, LP, first requested notification from DHEC when the permit decision was made. Later, the Hallman Law Firm represented Island Preservation when it requested a final board review of the DHEC staff decision to grant the permit. The board review was denied. Finally, Wise requested a contested hearing on the matter in his individual name before the ALC. The ALC dismissed the case on two points that Wise and Island Preservation were separate entities and Wise had not previously followed the process in his individual name and therefore could not invoke the jurisdiction of the ALC.

The S.C. Code Ann. § 44-1-60(F) (2) (Supp. 2012) states "Within thirty calendar days after the receipt of the decision an applicant, permittee, licensee, or affected person desiring to contest the final agency decision may request a contested case hearing before the Administrative Law Court, in accordance with the Administrative Procedures Act."

In *S.C. Coastal Conservation League v. South Carolina Department of Health and Environmental Control*, 390 S.C. 418, 428, 702 S.E.2d 246, 252 (2010), the supreme court held that "DHEC … took an informal approach in deciding which parties it notified of its decisions."

Also in *South Carolina Coastal Conservation League*, the League was deemed to be an affected person for purposes of notification. *Id.* at 431, 702 S.E.2d at 253. In this case, Wise was involved in each part of the process. He was not "an obscure or unknown party." *Id.* at 428, 702 S.E.2d at 252. As the initial request by Wise to DHEC for notice of the permit decision was by Wise as general partner, Wise was not an unknown party when he individually completed the contested hearing request form. He was always involved in this process. The ALC should have accepted his status as a party and allowed jurisdiction.

2. Estoppel

Wise argues that the respondents were estopped from asserting Wise and Island Preservation did not timely seek relief after SCDHEC's decision. We find that this issue was not preserved for appeal, as this issue was not raised to the ALC and not ruled on by the ALC in its dismissal. *See State v. Goodwin*, 384 S.C. 588, 603, 683 S.E.2d 500, 508 (Ct. App. 2009) ("In order for an issue to be preserved for appellate review, it must have been raised to and ruled upon by the trial court.").

**AFFIRMED, in part, REVERSED, in part, AND REMANDED.**

**HUFF, THOMAS, and GEATHERS, JJ., concur.**