# THE STATE OF SOUTH CAROLINA
## In The Supreme Court

Pickens County, Respondent,

v.

South Carolina Department of Health and Environmental Control and MRR Pickens, LLC, Petitioners.

Appellate Case No. 2020-000448

---

## ON WRIT OF CERTIORARI TO THE COURT OF APPEALS

---

Appeal from the Administrative Law Court
Shirley C. Robinson, Administrative Law Judge

---

Opinion No. 28073
Heard May 25, 2021 – Filed December 8, 2021

---

## AFFIRMED IN PART, VACATED IN PART, AND REMANDED

---

Chad N. Johnston, of Willoughby & Hoefer, PA, of Columbia; R. Walker Humphrey II, of Willoughby & Hoefer, PA, of Charleston; Robert F. Goings and Jessica L. Gooding, both of Goings Law Firm, LLC, of Columbia; Jessica J.O. King, of Williams Mullen, of Columbia; Etta R. Linen and Karen C. Ratigan, both of South Carolina Department of Health and Environmental Control, of Columbia, for Petitioners.

Gary W. Poliakoff, of Poliakoff & Assoc., PA, of Spartanburg; Amy E. Armstrong, of South Carolina Environmental Law Project, of Pawleys Island; and Michael G. Corley, of South Carolina Environmental Law Project, of Greenville, for Respondent.

---

**JUSTICE JAMES:** Pickens County sought a contested case hearing in the administrative law court (ALC) to challenge a landfill permit modification issued to MRR Pickens, LLC (MRR) by the South Carolina Department of Health and Environmental Control (DHEC). The ALC dismissed the County's challenge, finding the County failed to timely request DHEC to conduct a final review of the decision to issue the permit modification. The court of appeals reversed and remanded to the ALC for further proceedings. *Pickens Cnty. v. S.C. Dep't of Health & Env't Control*, 429 S.C. 92, 837 S.E.2d 743 (Ct. App. 2020). We affirm the court of appeals in part, vacate in part, and remand to the ALC for proceedings consistent with this opinion.

## I.

Before discussing the events giving rise to this appeal, we reference statutory and regulatory provisions pertinent to this case.

Subsection 44-1-60(E)(1) of the South Carolina Code (2018) requires DHEC to provide notice of its permitting decisions as follows: "Notice of a department decision must be sent by certified mail, returned receipt requested to the applicant, permittee, licensee, and affected persons who have requested in writing to be notified." Subsection 44-1-60(E)(2) sets forth the time frame within which a party must seek a final review conference with DHEC following a permitting decision. These provisions apply to all DHEC permitting decisions, not just those involving landfills.

DHEC regulations set forth additional notice requirements DHEC must follow when making certain landfill permit decisions. In pertinent part, the regulations require DHEC to follow a comprehensive public notice and comment procedure when making decisions related to permit applications for major modifications to Class Two and Class Three landfills. *See* S.C. Code Ann. Regs. 61-107.19, pt. I, D.2.c-g (2008). The public notice and comment provisions do not apply to minor modifications. "Minor modification" and "major modification" are defined as follows:

a. "Minor modification" means a change that keeps the permit current with routine changes to the facility or its operations, or an administrative change; and,

b. "Major modification" means a change that substantially alters the facility or its operations, e.g., tonnage increase above 25%, any volumetric capacity increase, alternate designs that vary from the design prescribed in this regulation.

S.C. Code Ann. Regs. 61-107.19, pt. I, B.48.

DHEC regulations place landfills into one of three classes depending upon the chemical and physical properties of the wastes disposed in the landfill. *See* S.C. Code Ann. Regs. 61-107.19, pt. I, A.1. Class Two landfills accept the wastes listed in Appendix I of Regulation 61-107.19. These wastes include materials such as brush and limbs, rock, masonry blocks, dry paint cans, glass, pipes, and plaster. Class Two landfills may also accept other wastes approved by DHEC on a case-by-case basis. S.C. Code Ann. Regs. 61-107.19, pt. IV, A.1. Class Three landfills may accept more harmful wastes, such as "municipal solid waste, industrial solid waste, sewage sludge, nonhazardous municipal solid waste incinerator ash and other nonhazardous waste." S.C. Code Ann. Regs. 61-107.19, pt. V, subpart A, 258.1.a. Class One landfills are not pertinent to this case.

## II.

In 2007, MRR and the County entered into agreements authorizing MRR to construct and operate a Class Two landfill (the Landfill) in Pickens County. In 2008, DHEC issued a solid waste permit (the 2008 Permit) to MRR for the Landfill. The 2008 Permit specified the Landfill was a Class Two landfill and authorized MRR to operate the Landfill—which has never been constructed—in a manner consistent with the agreements MRR and the County executed. The County did not request in writing to be notified as an "affected person" of future decisions relating to the 2008 Permit. *See* S.C. Code Ann. § 44-1-60(E)(1) (quoted above). Consequently, DHEC was not required to mail notice of future modifications to the 2008 Permit to the County.

In 2015, MRR applied to DHEC for a "minor permit modification." According to the application, MRR requested the option to install a liner and associated leachate collection system for a portion of the Landfill. Liners are safety features designed to prevent waste from escaping a landfill. Liners are required in Class Three landfills, but they are not required in Class Two landfills. *See* S.C. Code

Ann. Regs. 61-107.19, pt. V, subpart D, 258.40.a.2. On August 10, 2015, DHEC granted the requested modification (the Permit Modification) to the 2008 Permit.

Had DHEC classified the Permit Modification as a major modification, it would have been required to follow the public notice and comment provisions set forth in Regulation 61-107.19. However, because DHEC classified the modification as minor, and because the County did not request in writing to be notified of future decisions affecting the 2008 Permit, DHEC simply mailed the Permit Modification to MRR on August 10, 2015.

The County claims it did not learn of the Permit Modification until December 2015 when it heard from "sources other than MRR" that MRR might be changing the Landfill's design to prepare it to accept coal ash. DHEC informed the County of the Permit Modification in a December 15, 2015 meeting, and DHEC emailed a copy of the Permit Modification to the County on January 11, 2016.

On March 23, 2016, the County requested the DHEC Board to conduct a final review of the decision to issue the Permit Modification. The DHEC Board declined the request, and the County filed a request for a contested case hearing in the ALC. MRR and DHEC moved to dismiss the County's challenge, claiming the County's March 23, 2016 request was untimely. *See* S.C. Code Ann. § 44-1-60(E)(2) (providing a DHEC staff decision becomes final fifteen days after the decision is mailed to the applicant, unless a written request for final review is filed with DHEC).

The ALC granted the motions to dismiss, concluding the County's request for final review was untimely. The ALC noted the County's March 23, 2016 request for final review "was filed 226 days after the [Permit Modification] was issued, 99 days after the meeting where the decision was discussed with the County [in December 2015], and 72 days after the decision was emailed to the County [in January 2016]." Citing subsection 44-1-60(E)(2), the ALC found dismissal was warranted because the County failed to request final review within fifteen days of learning of the Permit Modification.

The court of appeals reversed and remanded, holding the ALC erred in dismissing the County's challenge without first determining whether DHEC (1) misclassified the Permit Modification and (2) failed to comply with applicable notice and comment requirements. *Pickens Cnty. v. S.C. Dep't of Health & Env't Control*, 429 S.C. 92, 837 S.E.2d 743 (Ct. App. 2020). The court of appeals also made factual findings to which MRR and DHEC take exception. We granted MRR and DHEC a writ of certiorari to review the court of appeals' opinion.

### III.

### A.

MRR and DHEC argue that because the County had actual notice of the Permit Modification in December 2015 and January 2016 but did not request final review until March 23, 2016, the County's challenge was not timely. MRR and DHEC therefore contend the ALC correctly ruled it did not have to reach the issue of whether DHEC misclassified the Permit Modification and whether DHEC failed to provide public notice. MRR and DHEC assert subsection 44-1-60(E)(2) requires this result. Subsection 44-1-60(E)(2) sets forth the time frame within which a party must seek a final review conference with DHEC following a permitting decision:

> The staff decision becomes the final agency decision fifteen calendar days after notice of the staff decision has been mailed to the applicant, unless a written request for final review accompanied by a filing fee is filed with the department by the applicant, permittee, licensee, or affected person.

S.C. Code Ann. § 44-1-60(E)(2).

The court of appeals rejected MRR and DHEC's argument that the County's actual notice of the Permit Modification in December 2015 and January 2016 triggered the fifteen-day limitations period set forth in subsection 44-1-60(E)(2). *Pickens Cnty.*, 429 S.C. at 104-05, 837 S.E.2d at 749-50. We agree with the court of appeals on this point and affirm its analysis of our opinion in *South Carolina Coastal Conservation League v. South Carolina Department of Health & Environmental Control* (*SCCCL*), 390 S.C. 418, 702 S.E.2d 246 (2010). In *SCCCL*, we considered whether receipt of actual notice impacts the time frame within which a party may seek final review with DHEC. The South Carolina Coastal Conservation League (the League) filed a request for final review within fifteen days of learning DHEC had issued permits to the permit applicants but more than fifteen days after DHEC had mailed notice to the applicants. The League argued the fifteen-day time period began when it received actual notice of DHEC's decision. We disagreed with the League, holding the "clear and unambiguous language" of subsection 44-1-60(E)(2) precluded the League's interpretation. *Id.* at 426, 702 S.E.2d at 250-51.[1] We stated, "[h]ad the legislature intended for the time period to begin running from

---

[1] When *SCCCL* was decided, the provisions of subsections 44-1-60(E)(1) and -60(E)(2) were contained in a single subsection, 44-1-60(E). To avoid confusion, we refer to the statutory provisions as they are currently codified.

the date a party receives notice of the decision, the statute would have been drafted accordingly." *Id.* at 426, 702 S.E.2d at 251. Thus, while we went on to hold the League's request was timely for a different reason, we rejected the notion that actual notice triggers the limitations period for requesting final review.

MRR and DHEC claim our refusal to adopt an actual notice rule in the instant case will allow parties to "sit on their rights" and bring dilatory challenges long after they learn of permit decisions. However, we agree with the court of appeals that "nothing in § 44-1-60 suggests the fifteen day period for appealing a DHEC staff decision begins to run upon a party's simply learning of a permit action." *Pickens Cnty.*, 429 S.C. at 105, 837 S.E.2d at 750. As we noted in *SCCCL*, the General Assembly chose not to include an actual notice trigger when it enacted the statutory provisions governing the procedure for bringing a contested case before the ALC. *See* S.C. Code Ann. § 44-1-60(A)-(J). We have no authority to inject into the statute an actual notice trigger of the fifteen-day limitations period, as that would disturb the legislatively prescribed procedure for appealing permitting decisions. *See Hodges v. Rainey*, 341 S.C. 79, 87, 533 S.E.2d 578, 582 (2000) ("When the language of a statute is clear and explicit, a court cannot rewrite the statute and inject matters into it which are not in the legislature's language . . . .").

## B.

Because the ALC found the County's request for final review untimely under subsection 44-1-60(E)(2), the ALC did not rule upon the issue of whether DHEC properly classified the Permit Modification as a minor modification. The court of appeals correctly reversed the ALC on this point when it held the ALC should have determined whether DHEC properly classified the Permit Modification <u>before</u> ruling upon the statutory timeliness of the County's challenge. *See Pickens Cnty.*, 429 S.C. at 102-03, 837 S.E.2d at 748 (noting "the ALC failed to undertake the prerequisite analysis of whether [the fifteen-day limitations period in subsection 44-1-60(E)(2)] appl[ies]" due to DHEC's alleged misclassification of the Permit Modification).

MRR and DHEC argue the court of appeals erred in reversing the ALC's statutory timeliness ruling, but they contend that if there must first be a determination as to whether DHEC misclassified the Permit Modification, the ALC, not the court of appeals, should make that determination in the first instance. We agree with MRR and DHEC. The ALC, not the appellate court, acts as the finder of fact when reviewing permitting decisions in contested case hearings. *Risher v. S.C. Dep't of Health & Env't Control*, 393 S.C. 198, 210, 712 S.E.2d 428, 434 (2011) (stating the role of a reviewing court is to reverse or modify the ALC if its "findings of fact are not supported by substantial evidence"); *Brown v. S.C. Dep't of Health & Env't*

*Control*, 348 S.C. 507, 521-22, 560 S.E.2d 410, 417-18 (2002) (remanding an issue to the ALC where the ALC's initial decision contained "*no* factual findings" because "the lack of any findings or any discussion of the law on [a] matter prevents a reviewing body from evaluating the decision").

We note the following from the court of appeals' opinion:

DHEC's own representative has admitted the Permit Modification meets the regulatory definition of a major modification. Thus, we find DHEC's labeling of the Permit Modification as minor denied contemporaneous notice and participation opportunities that DHEC's own regulations required be provided to both the public and the adjacent Neighboring Property Owners. Accordingly, the ALC erred in dismissing the County's challenge to the DHEC permitting decision as untimely because DHEC failed to comply with the notice procedures applicable to its decision to, in reality, permit a Class III landfill.

*Pickens Cnty.*, 429 S.C. at 105, 837 S.E.2d at 750. The ALC expressly refused to make any findings as to whether the County was entitled to notice and as to whether the Permit Modification was major or minor. While we have held the ALC erred in not deciding whether the modification was major or minor, it was not for the court of appeals to make these findings of fact; therefore, we vacate this portion of the court of appeals' opinion. We also vacate other portions of the opinion that can be construed to make factual findings. These include, but are not limited to, the finding that coal ash qualifies as a "special waste" under South Carolina law, *id.* at 100 n.11, 837 S.E.2d at 747 n.11; "misrepresentations" supposedly made by MRR to the County and its Planning Commission as to "the nature of its plan for the landfill facility and operation," *id.* at 96, 837 S.E.2d at 745; and purported admissions made by Kent Coleman of DHEC in separate litigation commenced by MRR against the County and some members of the Planning Commission, *id.* at 98-100, 837 S.E.2d at 746-47. These factual findings made by the court of appeals may turn out to be entirely true, but the factual record before the ALC was incomplete, and the ALC chose not to allow the record to be developed on these and other points.

## C.

The ALC must determine on remand whether DHEC properly classified the Permit Modification as a minor modification. Only after resolving that question can the ALC determine whether the County's request for a contested case hearing was untimely under subsection 44-1-60(E)(2). On remand, the parties may conduct discovery on relevant issues, and the ALC should consider the County's request to

intervene on behalf of the neighboring landowners. If the ALC upholds DHEC's classification of the Permit Modification and concludes DHEC complied with all notice requirements, the fifteen-day limitations period began running on August 10, 2015, and the County's challenge should be dismissed. If the ALC determines the Permit Modification was major and DHEC did not fulfill its notice requirements, then the fifteen-day limitations period has not started.

## IV.

Finally, though not pertinent to our holding, we note several concessions made by MRR and DHEC during oral argument before this Court. Counsel for MRR conceded that the Landfill could not accept coal ash—or any other waste not listed in Appendix I to Regulation 61-107.19—without additional approval from DHEC. Specifically, counsel for MRR and DHEC explained MRR would have to follow DHEC's "waste characterization" process before accepting any new waste. *See* S.C. Code Ann. Regs. 61-107.19, pt. I, C. Regarding notice, counsel for DHEC stated the County has written a letter to DHEC and "specifically asked to know anything that happens with the MRR landfill." Counsel for MRR stated the County would receive "notice of our request for a characterization of new waste," and counsel for DHEC stated the County would be notified of any decision authorizing MRR to dispose of coal ash or other wastes not listed in Appendix I in the Landfill. Counsel for MRR and DHEC both acknowledged that a law passed in 2016 requires coal ash to be placed in a Class Three landfill, subject to a few exceptions. *See* S.C. Code Ann. § 58-27-255(A) (Supp. 2020) (providing that coal ash "must be placed in a commercial Class 3 solid waste management landfill" unless the coal ash is "(1) located contiguous with the electric generating unit; (2) intended to be beneficially reused; (3) placed into beneficial reuse; or (4) placed in an appropriate landfill which meets the standards of the Department of Health and Environmental Control Regulation 61-107, and that is owned or operated by the entity that produced the electricity which resulted in the coal combustion residuals").

## Conclusion

We vacate the portions of the court of appeals' opinion referenced above. In all other respects, we affirm the court of appeals. We remand this matter to the ALC for further proceedings consistent with this opinion.

**AFFIRMED IN PART, VACATED IN PART, AND REMANDED.**

**BEATTY, C.J., KITTREDGE, HEARN and FEW, JJ., concur.**