**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

T. Tree Farms RV Park (Blue Sky Associates, LLC),
Respondents,

v.

South Carolina Department of Health and Environmental Control; Enclave at Fairview Homeowners' Association; Inc.; Golden Hills of Fairview Homeowner's Association, Inc.; Greenspace of Fairview, LLC; and North Pacolet Association, Inc.;

of which Enclave at Fairview Homeowners' Association, Inc.; Greenspace of Fairview, LLC, North Pacolet Association, Inc.; and Golden Hills of Fairview Homeowner's Association, Inc.; are the Appellants and South Carolina Department of Health and Environmental Control is a Respondent.

Appellate Case No. 2022-001792

———————

Appeal From the Administrative Law Court
Milton G. Kimpson, Administrative Law Judge

———————

Unpublished Opinion No. 2024-UP-241
Submitted June 1, 2024 – Filed July 3, 2024

———————

**AFFIRMED**

———————

Leslie S. Lenhardt, of South Carolina Environmental Law Project, of Pawleys Island; Carl F. Muller, of Carl F. Muller, Attorney at Law, P.A., of Greenville; Matthew Terry Richardson, of Wyche, PA, of Columbia; and Sally S. Rock, Pro Hac Vice, of Campobello, all for Appellants.

Alexander George Shissias, of The Shissias Law Firm, LLC, of Columbia, for Respondent Blue Sky Associates, LLC.

Sara Volk Martinez, of Columbia, for Respondent South Carolina Department of Health and Enviromental Control.

---

**PER CURIAM:** Enclave at Fairview Homeowners' Association, Inc., Golden Hills of Fairview Homeowners' Association, Inc., Greenspace of Fairview, LLC, and North Pacolet Association, Inc., (collectively, the Homeowners) appeal the Administrative Law Court's (ALC's) granting of T. Tree Farms RV Park's (Blue Sky Associates, LLC's) motion to dismiss. On appeal, the Homeowners argue the ALC erred in finding their Request for Final Review (RFR) was untimely and dismissing the appeal because their Freedom of Information Act (FOIA) request should have constituted written notice to the Department of Health and Environmental Control (DHEC) under section 44-1-60(E)(1) of the South Carolina Code (2018), such that their time to challenge the wastewater system permit did not begin to run until they received notice that the permit had been issued. We affirm pursuant to Rule 220(b), SCACR.

We hold the ALC did not err in granting Blue Sky Associates, LLC's motion to dismiss because the FOIA request did not constitute a request in writing to be notified of DHEC's permitting decision under section 44-1-60(E)(1); thus, the Homeowners' RFR was not timely filed. *See* S.C. Code Ann. § 1-23-610(B) (Supp. 2023) ("The review of the [ALC's] order must be confined to the record."); *Torrence v. S.C. Dep't of Corr*., 433 S.C. 633, 643, 861 S.E.2d 36, 41-42 (Ct. App. 2021) ("Unless there is a compelling reason to the contrary, appellate courts 'defer to an administrative agency's interpretations with respect to the statutes entrusted to its administration or its own regulations.'" (quoting *Chapman v. S.C. Dep't of Soc. Servs*., 420 S.C. 184, 188, 801 S.E.2d 401, 403 (Ct. App. 2017))); *S.C. Coastal*

*Conservation League v. S.C. Dep't of Health & Env't Control*, 390 S.C. 418, 425, 702 S.E.2d 246, 250 (2010) ("Statutory interpretation is a question of law."); § 44-1-60(E)(1) ("Notice of a department decision must be sent by certified mail, returned receipt requested to the applicant, permittee, licensee, and *affected persons who have requested in writing to be notified*." (emphasis added)). We acknowledge that Madelon Wallace emailed a FOIA request to DHEC; however, neither the FOIA request nor the email accompanying it comport with the requirements of the statute. *See id*. Specifically, in her FOIA request and accompanying email, Wallace did not ask to be considered an "affected person" under section 44-1-60(E)(1) for issuance of a wastewater system permit and did not state she wanted to be notified of the issuance of a wastewater system permit. *See S.C. Coastal Conservation League*, 390 S.C. at 425-26, 702 S.E.2d at 250 ("[T]he words used in a statute must be given their ordinary meaning. When a statute's terms are clear and unambiguous . . . there is no room for statutory construction and a court must apply the statute according to its literal meaning." (citation omitted)). Accordingly, when DHEC issued the wastewater system permit on June 22, 2021, the fifteen-day timeline for an RFR began to run; thus, the Homeowners' RFR submitted in October 2021 was untimely because it was more than fifteen days after notice of the staff decision was mailed. *See* § 44-1-60(E)(2) ("The staff decision becomes the final agency decision fifteen calendar days after notice of the staff decision has been mailed to the applicant, unless a written request for final review accompanied by a filing fee is filed with the department by the applicant, permittee, licensee, or affected person.").

**AFFIRMED.**[1]

**THOMAS, MCDONALD, and VERDIN, JJ., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.