**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

Gullah/Geechee Fishing Association, Inc., Appellant,

v.

South Carolina Department of Health and Environmental Control and Bay Point Island, LLC, Respondents.

Appellate Case No. 2022-001126

———————

Appeal From the Administrative Law Court
S. Phillip Lenski, Administrative Law Judge

———————

Unpublished Opinion No. 2024-UP-242
Submitted June 1, 2024 – Filed July 3, 2024

———————

**AFFIRMED**

———————

Leslie S. Lenhardt, of S.C. Environmental Law Project of Pawleys Island, for Appellant.

Mary Duncan Shahid and Angelica M. Colwell, both of Maynard Nexsen PC, of Charleston, for Respondent Bay Point Island, LLC.

Christopher Patrick Whitehead and Sara Volk Martinez, both of Columbia, for Respondent South Carolina Department of Health and Environmental Control.

———————

**PER CURIAM:** Gullah/Geechee Fishing Association, Inc. (GGFA) appeals the Administrative Law Court's (ALC) order granting Bay Point Island, LLC's (Bay Point) motion to dismiss. On appeal, GGFA argues the ALC erred in finding (1) it lacked "procedural jurisdiction" to hear the case, (2) GGFA's Freedom of Information Act (FOIA) request did not qualify it as an "affected person" under section 44-1-60(E)(1) of the South Carolina Code (2018), and (3) GGFA's request for the Department of Health and Environmental Control (DHEC) to review its issuance of a septic tank permit to Bay Point was not timely. We affirm pursuant to Rule 220(b), SCACR.

Initially, although GGFA contends that the burden of notification of septic tank applications and permits should not be shifted to the public and that the ALC ignored the intent of the legislature "by allowing an agency decision made behind closed doors to go unchallenged," we hold these arguments are not preserved for appellate review because they were not raised to and ruled on by the ALC. *See Brown v. S.C. Dep't of Health & Env't Control*, 348 S.C. 507, 519, 560 S.E.2d 410, 417 (2002) (stating issues not raised to and ruled upon by the ALC are unpreserved for appellate review).

Next, we hold the ALC did not err in granting Bay Point's motion to dismiss because GGFA's Request for Review (RFR) was not timely filed. Although GGFA contends its fifteen-day clock to file an RFR "technically never started running because [GGFA] was never mailed notice of the permit decision," we hold GGFA failed to show it was entitled to notice of the septic tank permit because it did not communicate to DHEC that it was an "affected person who . . . requested in writing to be notified" under section 44-1-60(E)(1). *See* S.C. Code Ann. § 1-23-610(B) (Supp. 2023) ("The review of the [ALC's] order must be confined to the record."); *Torrence v. S.C. Dep't of Corr.*, 433 S.C. 633, 643, 861 S.E.2d 36, 41-42 (Ct. App. 2021) ("Unless there is a compelling reason to the contrary, appellate courts 'defer to an administrative agency's interpretations with respect to the statutes entrusted to its administration or its own regulations.'" (quoting *Chapman v. S.C. Dep't of Soc. Servs.*, 420 S.C. 184, 188, 801 S.E.2d 401, 403 (Ct. App. 2017))); *S.C. Coastal Conservation League v. S.C. Dep't of Health & Env't Control*, 390 S.C. 418, 425, 702 S.E.2d 246, 250 (2010) ("Statutory interpretation is a question of law."); § 44-1-60(E)(1) ("Notice of a department decision must be sent by certified mail, returned receipt requested to the applicant, permittee, licensee, and *affected persons who have requested in writing to be notified*." (emphasis added)). Although GGFA asserts that there is not a stated procedure for making an "affected persons" request under section 44-1-60(E)(1) and that the

ALC failed to consider the "practical impossibility" of making an affected person request, the relevant statute—section 44-1-60(E)(1)—provides a process for individuals to receive notification of DHEC department decisions; specifically, an "affected person" must "request[] in writing to be notified." *See* § 44-1-60(E)(1) ("Notice of a department decision must be sent by certified mail, returned receipt requested to the applicant, permittee, licensee, and affected persons who have requested in writing to be notified."). Here, the only written communications GGFA submitted to DHEC were two FOIA requests; however, neither FOIA request comports with the requirements of the statute. *See id.* Specifically, neither request submitted stated that GGFA wanted to be considered an "affected person" under § 44-1-60(E)(1).[1] *See S.C. Coastal Conservation League*, 390 S.C. at 425-26, 702 S.E.2d at 250 ("[T]he words used in a statute must be given their ordinary meaning. When a statute's terms are clear and unambiguous . . . there is no room for statutory construction and a court must apply the statute according to its literal meaning." (citation omitted)). Accordingly, when DHEC issued the septic tank permit on September 23, 2021, the fifteen-day timeline for an RFR began to run; thus, the GGFA's RFR submitted on November 9, 2021, was untimely because it was more than fifteen days after notice of the staff decision was mailed. *See* § 44-1-60(E)(2) ("The staff decision becomes the final agency decision fifteen calendar days after notice of the staff decision has been mailed to the applicant, unless a written request for final review accompanied by a filing fee is filed with the department by the applicant, permittee, licensee, or affected person.").

**AFFIRMED.**[2]

**THOMAS, MCDONALD, and VERDIN, JJ., concur.**

---

[1] We acknowledge there are arguments related to whether DHEC failed to accurately disclose the existence of public records in its possession following GGFA's second FOIA request; however, any allegations that DHEC violated the FOIA statute are not properly before this court. *See* S.C. Code Ann. § 30-4-100(A) (Supp. 2023) ("A citizen of the State may apply to the circuit court for a declaratory judgment, injunctive relief, or both, to enforce provisions of [FOIA] . . . .").

[2] We decide this case without oral argument pursuant to Rule 215, SCACR.