623 S.E.2d 857

Charles E. GORDON, as Personal Representative of the Estate of Clara Gordon Burch, Appellant,

v.

Jacqueline F. BUSBEE, Individually and as Personal Representative of the Estate of George E. Burch; Dennis E. Burch; and Laurie E. Burch, Respondents.

In the matter of the Estate of Clara Gordon Burch.

No. 4044.

Court of Appeals of South Carolina.

Heard Oct. 11, 2005.
Decided Nov. 21, 2005.
Rehearing Denied Jan. 19, 2006.

Adele Jeffords Pope, of Columbia and Thomas H. Pope, III, of Newberry, for Appellant.

B. Michael Brackett, Carlos W. Gibbons, Jr. and Deborah Harrison Sheffield, all of Columbia, for Respondents.

STILWELL, J.:

Charles Gordon appeals the dismissal of his civil action against Jacqueline Busbee, individually and as personal representative of the estate of George Burch, and Dennis and Laura Burch, as devisees of the estate of George Burch. The circuit court dismissed the action because Gordon did not file his claim on a specific probate court form.[1] We reverse and remand.

## FACTS

On July 30, 1984, Clara Gordon Burch married George Burch. At the time, Clara Burch was seventy-five years old, and George Burch was almost seventy. The couple remained married for nearly sixteen years, until the death of Clara Burch on April 19, 2000. In her will, Clara appointed George personal representative of her estate. She also named Charles Gordon alternate personal representative.

George served as personal representative until his death on January 18, 2003. A month after George's death, Gordon assumed the duties of the personal representative of Clara's estate. Gordon claims that after his appointment he discovered various improprieties related to distributions from Clara's estate. Gordon asserts these distributions were made not only from her estate while George acted as its personal representative, but also from her financial holdings during the

---

1. We are unable to determine if the order under appeal purports to dismiss the claim against Jacqueline Busbee in her individual capacity. However, because the order is grounded on the failure to comply with a provision relating solely to a claim against an estate, this action appears to have survived the dismissal.

time George acted as Clara's attorney in fact from 1994 until her death in 2000.

Gordon then brought this lawsuit against Jacqueline Busbee, an Aiken County attorney, individually and in her capacity as personal representative of the estate of George Burch, and Dennis and Laura Burch, as devisees under George Burch's will (collectively Busbee). The summons and verified complaint were filed with the probate court on April 15, 2003. The complaint stated amounts claimed from the estate of George Burch as well as the basis for claiming them. Soon after Gordon filed the complaint, the case was removed from probate court to circuit court, and Busbee answered.

Later that year, Busbee moved the circuit court to dismiss Gordon's action against the estate of George Burch for failure to present his claim within the proper time and on the proper form. Busbee contended that pursuant to S.C.Code Ann. § 62–3–804(2) Gordon had until the end of the claim period on October 4, 2003 to submit his claim to the personal representative of the estate of George Burch. Busbee argued that because Gordon did not file South Carolina Probate Court Form 371 before the claim period expired, Gordon did not properly present his claim against the estate, and his claim was barred. The circuit court agreed and granted Busbee's motion to dismiss.

## DISCUSSION

Gordon raises the following four issues on appeal: (1) whether the trial court erred when it concluded Gordon's claim against the estate of George Burch was barred because Gordon did not use a particular probate court form to submit his claim; (2) whether the trial court erred when it considered the affidavit of attorney James Verenes; (3) whether Busbee is estopped from asserting Gordon's claim is barred; and (4) whether Busbee has waived the right to claim Gordon's claim is barred.

Probate Court Form 371 is tailored to assist creditors of a probate estate, often unrepresented by legal counsel, when they submit their claims to the personal representative of the estate. The form asks for the name and address of the claimant, the amount claimed, and the basis for each claim.

Gordon asserts that the use of Form 371 is not mandatory. We agree.

The cardinal rule of statutory interpretation is to determine the intent of the legislature. *Miller v. Aiken,* 364 S.C. 303, 307, 613 S.E.2d 364, 366 (2005). The intent of the legislature should be ascertained primarily from the plain language of the statute. *State v. Landis,* 362 S.C. 97, 102, 606 S.E.2d 503, 505 (Ct.App.2004). "The language must also be read in a sense which harmonizes with its subject matter and accords with its general purpose." *Mun. Ass'n of South Carolina v. AT&T Communications of S. States, Inc.,* 361 S.C. 576, 580, 606 S.E.2d 468, 470 (2004). A statute as a whole must receive a practical, reasonable, and fair interpretation consonant with the purpose, design, and policy of the lawmakers. *Liberty Mut. Ins. Co. v. South Carolina Second Injury Fund,* 363 S.C. 612, 622, 611 S.E.2d 297, 302 (Ct.App.2005). The court will reject a statutory interpretation that would "lead to a result so plainly absurd that it could not have been intended by the legislature or would defeat the plain legislative intention." *Unisun Ins. Co. v. Schmidt,* 339 S.C. 362, 368, 529 S.E.2d 280, 283 (2000).

Section 62–3–804 outlines two ways in which a claimant may present a claim against a decedent's estate. S.C.Code Ann. § 62–3–804 (1987 & Supp.2004). Section 62–3–804(1) provides that a claim may be presented by delivering to the personal representative a "written statement of the claim indicating its basis, the name and address of the claimant, and the amount claimed," and the claimant "must file a written statement of the claim, *in the form prescribed by rule,* with the clerk of the probate court." S.C.Code Ann. § 62–3–804(1) (Supp.2004) (emphasis added). Another method of presentation, the one elected by Gordon in this case, is for the claimant to "commence a proceeding against the personal representative in any court where the personal representative may be subjected to jurisdiction." S.C.Code Ann. § 62–3–804(2) (1987). This action "must occur within the time limited for presenting the claim, and the claimant must file a written statement of the claim as in (1) above, with the clerk of the probate court." § 62–3–804(2).

The standard form frequently filed with the probate court in relation to section 62–3–804 is Form 371. The trial court determined that the language of section 62–3–804 required Gordon to use Form 371—and only Form 371—because section one, and by reference section two, states that the written statement must be "in the form prescribed by rule." This interpretation of the statute is too narrow. Section 62–3–804 does not mention Form 371, let alone require the use of Form 371 as the *only* way to satisfy the requirements of the statute. The phrase "[i]n the form prescribed by rule" refers to the manner or "procedure as determined or governed by regulation," not to a specific "document with blanks for the insertion of ... information." *The American Heritage Dictionary of The English Language* 690 (4th ed. 2000). If the legislature intended to require claimants to use Form 371, it could have easily provided that the claim be brought *on* the form prescribed by rule, not "*in* the form prescribed by rule." § 62–3–804(1) (emphasis added); *see also* S.C.Code Ann. § 62–3–603(B)(2) (Supp.2004) ("Where a bond is required of the personal representative ... by law or by the will, it may be waived ... [if] all known beneficiaries and other persons having an interest in the estate execute a written statement *on a form prescribed by the court* ....") (emphasis added).

Consequently, "in the form prescribed by rule" means in the basic manner set forth in section 62–3–804(1). The purpose of requiring the information set forth in section 62–3–804(1) is to provide notice of claims to the probate court as well as to any party who may have an interest in the estate. While Form 371 certainly provides this information, nothing in section 62–3–804 mandates that Form 371 is the only way this information can be provided.

Here, the verified complaint satisfies the requirements of section 62–3–804. First, the complaint contains all the information mandated. The complaint identifies the plaintiff/claimant and provides the address of his attorney as his representative in the matter. It further identifies the amounts claimed and the basis for each claim. Furthermore, although the case was removed to the circuit court, the complaint remains on file in the probate court. Because the filed complaint provides notice of claims against the estate to the probate court and

any interested parties, making Form 371 mandatory would be duplicative and serve to elevate form over substance.

Form 371 may be necessary when the claimant intends to submit a claim to the personal representative but does not intend to commence an action against the personal representative—for example, when the claimant expects the personal representative to allow the claim. Form 371 may also be necessary when the claimant intends to commence a proceeding against the personal representative in a court other than probate court. In that case, Form 371 would put the probate court on notice of the proceeding, which would insure that the estate is not distributed before the claim is handled. In this case, however, the complaint accomplishes precisely what Form 371 is intended to accomplish. Therefore, the trial court erred when it held the requirements of section 62–3–804(2) can be satisfied only by filing Form 371 with the probate court.

## CONCLUSION

Accordingly, under these circumstances, and in light of the obligation that the probate code be "liberally construed," we hold that Form 371 was not mandatory.[2] *See In re Estate of Tollison,* 320 S.C. 132, 136, 463 S.E.2d 611, 614 (Ct.App.1995) (construing section 62–3–804 liberally to promote the probate code's underlying purposes). It is not necessary for us to address Gordon's remaining issues in light of our disposition of the case. *See Futch v. McAllister Towing of Georgetown, Inc.,* 335 S.C. 598, 613, 518 S.E.2d 591, 598 (1999) (citing *Whiteside v. Cherokee County Sch. Dist. No. One,* 311 S.C. 335, 428 S.E.2d 886 (1993) (stating the court need not address remaining issues when determination of prior issue is dispositive)).

**REVERSED AND REMANDED.**

HEARN, C.J., and KITTREDGE, J., concur.

---

2. Because we determine Form 371 was not mandatory, we do not reach the issue of whether the failure to file it has jurisdictional implications.