681 S.E.2d 893

**Scott TROWELL, Appellant,**

v.

**SOUTH CAROLINA DEPARTMENT OF PUBLIC SAFETY, Respondent.**

**No. 4581.**

Court of Appeals of South Carolina.

Heard April 22, 2009.

Decided July 1, 2009.

John A. O'Leary, of Columbia, for Appellant.

Charles H. Sheppard, Jr., Rachel D. Erwin, both of Blythe-wood, for Respondent.

HEARN, C.J.

Scott·Trowell appeals the circuit court's order affirming the decision of the State Human Resources Director that his appeal of an internal grievance matter was untimely. Trowell asserts the circuit court erred in finding service was perfected upon the Department of Public Safety's facsimile of its final agency decision, thereby initiating the time frame in which Trowell had to appeal. We reverse and remand.

## FACTS

Trowell, a South Carolina Highway Patrolman, was suspended without pay for 40 hours and reassigned to a different patrol troop and location. An internal investigation revealed Trowell had provided false and inaccurate information to a fellow officer during an investigation, and had also directed insolent and abusive language towards a superior officer amounting to insubordination and improper conduct. Pursuant to his rights under the State Employee Grievance Procedure Act and the employee grievance procedure established by Public Safety,[1] Trowell notified Public Safety of his request to have a Step I Grievance Hearing regarding his suspension and relocation. Following consideration of the appeal, Trowell's suspension was upheld.

---

1. Public Safety's employee grievance procedure provides an employee with a three-step appeal process: (1) upon written notice from an aggrieved, Step I allows the employee and an Agency member to participate in a voluntary mediation, or proceed directly to a meeting at which the employee is allowed to present his or her position; (2) if the employee is not satisfied with the resulting decision, he or she may request a Step II hearing, at which time they are permitted to present their side once more, and the Director may conduct a fact finding investigation to aid in making his decision; and (3) if the employee is

Trowell thereafter gave written notice of his desire to have a Step II Grievance Hearing. Following a second hearing, counsel for Public Safety requested additional time to pursue a settlement with Trowell; however, those pursuits were unsuccessful, and Public Safety notified Trowell his suspension would be upheld. Notice of Public Safety's decision regarding Trowell's Step II Grievance was initially sent to Trowell's attorney via facsimile on February 2, 2005, and the cover sheet contained a notation explaining the original letter would be sent by certified mail. The certified letter advising Trowell of the decision was received and signed for on February 7. On February 15, Trowell's attorney faxed the State Appeal Form to the Human Resource Management Division of the South Carolina Budget and Control Board (Human Resources) indicating his desire to appeal the agency's final decision to the Human Resources Director (Director). In the appeal, Trowell stated he received the final decision of the agency on February 7, 2005.

On March 4, 2005, the Director notified Trowell, via letter, that his appeal was untimely because Trowell had failed to file it within ten calendar days of receipt of Public Safety's February 2 facsimile, pursuant to section 8–17–330 of the South Carolina Code (Supp.2008). The Director's letter also noted that Trowell's notice of appeal was filed outside of the alternative fifty-five calendar days allowed from the date of Trowell's initial Step I Grievance filing. *See* S.C.Code Ann. § 8–17–330 (Supp.2008). Thereafter, Trowell filed a written request for reconsideration of the Director's denial of his appeal, which was denied. Trowell then petitioned the circuit court for review. Trowell appeals from the circuit court's affirmance of the agency's decision.

## LAW/ANALYSIS[2]

Trowell contends the circuit court erred in finding service of Public Safety's letter upholding his Step II Griev-

---

still not satisfied with the decision, he or she may appeal to the State Director of Human Resources.

**2.** Trowell initially asserts it was error for the circuit court to make findings of fact, when the facts of the case were not properly before the

ance was perfected upon facsimile of its final agency decision, thereby initiating the time frame in which Trowell had to appeal. We agree.

The scope of judicial review in Administrative Procedures Act (APA)[3] cases arising from the final decision of state agencies is governed by section 1–23–380 of the South Carolina Code (Supp.2008), which provides:

A party who has exhausted all administrative remedies available within the agency and who is aggrieved by a final decision in a contested case is entitled to judicial review ...

(5) The court may not substitute its judgment for the judgment of the agency as to the weight of the evidence on questions of fact. The court may affirm the decision of the agency or remand the case for further proceedings. The court may reverse or modify the decision if substantial rights of the appellant have been prejudiced because the administrative findings, inferences, conclusions, or decisions are:

(a) in violation of constitutional or statutory provisions;

(b) in excess of the statutory authority of the agency;

(c) made upon unlawful procedure;

(d) affected by other error of law;

(e) clearly erroneous in view of the reliable, probative, and substantial evidence on the whole record; or

(f) arbitrary or capricious or characterized by abuse of discretion or clearly unwarranted exercise of discretion.

Section 8–17–330 of the South Carolina Code (Supp.2008) requires that an agency must establish an approved employee grievance procedure, and make it available to covered employees. As noted above, Public Safety complied with the requirement of section 8–17–330. Step III of the employee grievance process, discussed in section VIII of Public Safety's adopted

---

court. Although the circuit court did not delineate the facts included in its order as findings of fact, we nevertheless note the circuit court's recitation of the factual summary should in no way limit the State Employee Grievance Committee's ability to make its own findings of fact on remand, in accordance with section 8–17–340 of the South Carolina Code (Supp.2008).

3. S.C.Code Ann. § 1–23–310 et seq. (2005 & Supp.2008).

procedures, provides an employee may appeal the final decision of the agency, and that such an appeal "must be in writing and submitted to the State Human Resources Director within ten (10) calendar days of *receipt* of the Final Agency Decision...." (emphasis added). When an appeal is received pursuant to Step III, the Director is tasked with assembling the record from the previous grievance hearings, but must first make a determination if the procedures and policies of employee grievance process have been appropriately followed to that point. S.C.Code Ann. § 8–17–350 (Supp.2008).

Upon receipt of Trowell's appeal from Public Safety's Step II Grievance Hearing, the Director determined Trowell's appeal had been filed outside of the requisite ten calendar days from his receipt of the faxed order on February 2.[4] In his letter denying Trowell's subsequent motion for reconsideration, the Director noted the State Employee Grievance Procedure Act is not specific as to how the final agency decision must be delivered; therefore, in reliance on that silence, the Director determined receipt of the decision could be accomplished through hand delivery, facsimile, or mail. Public Safety thus contends that, because Trowell's attorney acknowledged receipt of the facsimile on February 2, notice was accomplished on that day and not the date the decision was received by certified mail.

■ Ordinarily, significant deference is given to the agency's construction and interpretation of its employee grievance procedure. *Brown v. Bi–Lo, Inc.,* 354 S.C. 436, 440, 581 S.E.2d 836, 838 (2003) (citing *Brown v. South Carolina Dep't of Health and Envtl. Control,* 348 S.C. 507, 560 S.E.2d 410 (2002)) (recognizing courts generally give deference to an administrative agency's interpretation of an applicable statute or its own regulation). However, the agency's interpretation of its grievance procedure in this case created a rule which it had, admittedly, never before employed or sought to enforce. Moreover, the rule that the time for an appeal began to toll upon service by facsimile is not included in any written

4. Trowell did not appeal the Director's determination that his appeal was filed outside of the fifty-five calendar days from his initial agency grievance; therefore, Trowell's compliance with the ten day period is the only issue before us on appeal.

materials or guidelines available to the public or the bar. Trowell's counsel admits the facsimile was received by his office on February 2; however, because facsimiles are not ordinarily used to accomplish notice of a decision by any department, agency, or court,[5] counsel maintains he did not look at or consider the fax until the certified copy of the letter was received by his office on February 7, at which time he began the next step of the appeals process.

We find the agency's interpretation of its service rules was overly harsh in this situation. Given the general rule that service cannot be accomplished via facsimile, the agency's decision here arbitrarily created a trap for the unwary petitioner. As a result, we believe the substantial rights of Trowell were prejudiced due to the arbitrary and capricious nature of the agency's interpretation of its grievance procedure. Trowell is entitled to a full and fair hearing before the State Human Resources Director.[6] Accordingly, the decision of the circuit court is

**REVERSED and REMANDED.**

PIEPER, J., and LOCKEMY, J., concur.

---

**5.** *See* Rule 5(b)(1), SCRCP ("Service ... shall be made by delivering a copy to him or by mailing it to him at his last known address...."); Rule 5, SCALJR ("Service shall be made by delivery, or by mail to the last known address."); S.C.Code Ann. § 1–23–350 (2005) (providing that under the Administrative Procedures Act, final decisions or orders adverse to a party in a contested case must be made in writing, and must be delivered either personally or by mail).

**6.** Trowell also contends the circuit court erred in failing to find either the South Carolina Rules of Civil Procedure, the South Carolina Administrative Law Judge Rules, or the rules provided in section 1–23–350 of the Administrative Procedures Act, should apply to every stage of the appellate process under the State Employee Grievance Procedure Act, in order to ensure consistent applicability of the rules and fairness throughout the process. Given our disposition above, we need not address these additional contentions. *See Futch v. McAllister Towing of Georgetown, Inc.*, 335 S.C. 598, 613, 518 S.E.2d 591, 598 (1999) (ruling an appellate court need not review remaining issues when its determination of a prior issue is dispositive of the appeal).