708 S.E.2d 771

**Ernest Lee PASCHAL, Respondent,**

v.

**Richard A. PRICE, d/b/a RAP Financial Services, Employer, and S.C. Uninsured Employer's Fund, Petitioners.**

No. 26958.

Supreme Court of South Carolina.

Heard Jan. 7, 2011.

Decided April 4, 2011.

Rehearing Denied May 26, 2011.

Clark W. McCants, III, and Amy Shumpert, both of Nance, McCants & Massey, of Aiken; and Stanford E. Lacy and Kristian M. Cross, both of Collins & Lacy, of Columbia, for Petitioners.

Ann Mickle, of Mickle & Bass, of Rock Hill, and Tom Young, Jr., of Whetstone, Myers, Perkins & Young, of Aiken, for Respondent.

Justice KITTREDGE.

In this workers' compensation case, we granted a petition for a writ of certiorari to review the decision of the court of appeals in *Paschal v. Price,* 380 S.C. 419, 670 S.E.2d 374 (Ct.App.2008), which held the claimant was an employee rather than an independent contractor. After applying the common law standard reinstated in *Wilkinson ex rel. Wilkinson v. Palmetto State Transportation Co.,* 382 S.C. 295, 676 S.E.2d 700 (2009) to consider the jurisdictional question of employment status, we affirm.

## I.

RAP Financial Services is a business owned by Richard A. Price that specializes in the recovery of collateral, primarily automobiles, for banks and other lienholders. The claimant, Ernest Lee Paschal, was hired by RAP in January 1999 as a "repo driver" to repossess vehicles for RAP's clients. Paschal also worked for RAP briefly in 1998.

On October 25, 2000, Paschal was severely injured while repossessing a vehicle for RAP. A tire blew out on the repossessed vehicle he was towing, causing him to lose control of the vehicle he was driving. Paschal was rendered a paraplegic as a result of the accident.

Paschal filed a workers' compensation claim on June 5, 2002, asserting he was an employee of RAP and that he was entitled to lifetime benefits for a total and permanent disability. RAP admitted Paschal was injured, but asserted he was an independent contractor, not an employee.

On February 17, 2005, a commissioner of the South Carolina Workers' Compensation Commission concluded Paschal was an employee of RAP, that he sustained a compensable injury rendering him a paraplegic, and that he was entitled to lifetime benefits for a total and permanent disability. The commissioner specifically found "Richard Price's testimony was inconsistent, evasive, often unresponsive, [and] untruthful," and that "Paschal was credible and believable even though he had a lack of memory in his initial testimony."

The Appellate Panel of the Commission unanimously adopted the order of the commissioner, and both the circuit court and the court of appeals affirmed.

## II.

The Administrative Procedures Act ("APA") provides the standard for judicial review of workers' compensation decisions. *Lark v. Bi–Lo, Inc.,* 276 S.C. 130, 276 S.E.2d 304 (1981). Under the APA, this Court can reverse or modify the decision of the Commission if the substantial rights of the appellant have been prejudiced because the decision is affected by an error of law or is clearly erroneous in view of the reliable, probative, and substantial evidence on the whole record. *Transp. Ins. Co. v. South Carolina Second Injury Fund,* 389 S.C. 422, 427, 699 S.E.2d 687, 689–90 (2010) (citing S.C.Code Ann. § 1–23–380(5)(d), (e) (Supp.2009)).

Because the question presented is one of jurisdiction, this Court may take its own view of the facts upon which jurisdiction is dependent. *Wilkinson,* 382 S.C. at 299, 676 S.E.2d at 702; *Wilson v. Georgetown County,* 316 S.C. 92, 447

S.E.2d 841 (1994). The question whether a claimant is an employee or an independent contractor is a jurisdictional matter subject to our own view of the preponderance of the evidence. *Wilkinson,* 382 S.C. at 299, 676 S.E.2d at 702.

## III.

■ RAP contends the determination of the court of appeals that Paschal was an employee of RAP should be reversed because that court relied upon the now erroneous legal standard set forth in *Dawkins v. Jordan,* 341 S.C. 434, 534 S.E.2d 700 (2000).

■ Under South Carolina law, the primary consideration in determining whether an employer/employee relationship exists is whether the alleged employer has the right to control the employee in the performance of the work and the manner in which it is done. *Kilgore Group, Inc. v. South Carolina Employment Sec. Comm'n,* 313 S.C. 65, 68, 437 S.E.2d 48, 49 (1993) (citing *Felts v. Richland County,* 303 S.C. 354, 400 S.E.2d 781 (1991)). "The test is not the actual control exercised, but whether there exists the right and authority to control and direct the particular work or undertaking." *Id.*

■ The four principal factors indicating the right of control are (1) direct evidence of the right to, or exercise of, control; (2) the method of payment; (3) the furnishing of equipment; and (4) the right to fire. *South Carolina Workers' Comp. Comm'n v. Ray Covington Realtors, Inc.,* 318 S.C. 546, 459 S.E.2d 302 (1995); *Tharpe v. G.E. Moore Co.,* 254 S.C. 196, 174 S.E.2d 397 (1970).

In *Dawkins v. Jordan,* 341 S.C. 434, 534 S.E.2d 700 (2000), this Court, citing the treatise of Professor Larson, departed from our traditional common law approach and opted for the following approach:

> [F]or the most part, any single factor is not merely indicative of, but, in practice, virtually proof of, the employment relation; while, in the opposite direction, contrary evidence is as to any one factor at best only mildly persuasive evidence of contractorship, and sometimes is of almost no such force at all.

*Id.* at 439, 534 S.E.2d at 703 (alteration in original) (quoting 3 Arthur Larson & Lex K. Larson, *Larson's Workers' Compensation Law*, § 61.04 (2000)).

We granted certiorari in this case because in *Wilkinson ex rel. Wilkinson v. Palmetto State Transportation Co.* we recently overruled the *Dawkins* approach. In *Wilkinson,* we "return[ed] to our jurisprudence that evaluates the four factors with equal force in both directions." 382 S.C. at 300, 676 S.E.2d at 702.

Although we may take our own view of the preponderance of the evidence on matters affecting jurisdiction, to the extent these four factors turn on credibility, this broader scope of review does not require this Court to ignore the findings of the Commission, which was in a superior position to evaluate witness credibility. *See Shealy v. Aiken County,* 341 S.C. 448, 535 S.E.2d 438 (2000) (stating the final determination of witness credibility is reserved to the Commission); *cf. Wallace v. Milliken & Co.,* 300 S.C. 553, 389 S.E.2d 448 (Ct.App.1990) (observing in matters where this Court may take its own view of the preponderance of the evidence, an appellate court need not disregard the findings of the hearing tribunal, which occupies a much better position to evaluate the credibility of witnesses). It is clear from the commissioner's observations that he found Paschal to be more credible than Price, and this finding was adopted by the Appellate Panel.

In evaluating this case, we rely not only on the thorough and well-reasoned opinion of the court of appeals, but also upon our own review of the record using the common law approach reinstated by *Wilkinson.* After this review, we are firmly convinced that the factors manifestly preponderate in favor of finding an employment relationship, especially as to the factors of direct evidence of the right of control, the furnishing of equipment, and the right to fire. Our view of the evidence is entirely consistent with that of the court of appeals.

Admittedly, a close question is presented as to the remaining factor, the method of payment. In this regard, there are some facts that indicate the presence of an independent contractor relationship, while other facts indicate Paschal was an employee, as properly analyzed by the court of appeals. How-

ever, after viewing all four factors in a balanced and equally-weighted approach as required by *Wilkinson*, we are persuaded that the factors preponderate in a finding that Paschal was an employee of RAP and that he is, therefore, entitled to workers' compensation benefits.

## IV.

We affirm and commend the court of appeals, which held Paschal was an employee of RAP and that he is entitled to lifetime workers' compensation benefits for a total and permanent disability.[1]

**AFFIRMED.**

TOAL, C.J., PLEICONES, HEARN, JJ., and Acting Justice G. THOMAS COOPER, JR., concur.

---

1. Although we granted certiorari to consider the ruling of the court of appeals that Paschal was entitled to lifetime workers' compensation benefits pursuant to S.C.Code Ann. § 42-9-10 based on his paraplegia, we now dismiss certiorari on this question on the basis it was improvidently granted.