THIS OPINION HAS NO
 PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY
 PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
 Isidro Osvando
 Sanchez, Employee, Respondent,
 
 
 

v.

 
 
 
 Cold Creek
 Nurseries, Inc., Employer; Accident Insurance Company, Inc., Carrier; and the
 South Carolina Workers' Compensation Uninsured Employers' Fund, Defendants,
 of whom Cold
 Creek Nurseries, Inc.; and the South Carolina Workers' Compensation Uninsured
 Employers' Fund are Respondents,
 and Accident
 Insurance Company, Inc. is Appellant.
 
 
 

Appeal From Aiken County
Doyet A. Early, III, Circuit Court Judge

Unpublished Opinion No. 2011-UP-458
 Heard September 14, 2011  Filed October
13, 2011    

AFFIRMED

 
 
 
 Clarke W. McCants, III, of Aiken, for
 Appellant.
 Mark R. Calhoun, of Lexington; Patrick M.
 Teague, of Columbia; and Amy V. Cofield, of Lexington, for Respondents.
 
 
 

PER CURIAM: In
 this case brought pursuant to the Workers' Compensation Act (the Act), Accident
 Insurance Company, Inc. (Carrier) appeals a circuit court decision awarding
 benefits to Isidro Osvando Sanchez.  Carrier argues the circuit court erred in
 (1) affirming the decision of the Appellate Panel of the Workers' Compensation
 Commission (the Appellate Panel) that Sanchez's injuries arose out of and in
 the course of his employment[1] and (2) reversing the Appellate Panel's finding Carrier's workers' compensation
 insurance policy did not cover the accident.  We affirm pursuant to Rule
 220(b)(1), SCACR, and the following authorities:
1.  As to
 whether the circuit court erred in affirming the finding Sanchez's injuries
 arose out of and in the course of his employment: S.C. Code Ann. § 42-1-160(A) (Supp. 2006) (providing a claimant is entitled to workers'
 compensation benefits if he sustains an "injury by accident arising
 out of and in the course of employment"); Pierre v. Seaside Farms, Inc., 386 S.C. 534, 540, 689 S.E.2d 615, 618 (2010)
 ("An appellate court can reverse or modify the Commission's decision if it
 is affected by an error of law or is clearly erroneous in view of the
 reliable, probative, and substantial evidence in the whole
 record. . . .  [However, t]his Court must
 affirm the findings of fact made by the [Appellate Panel] if they are supported
 by substantial evidence." (citations and internal quotation marks
 omitted)); Hall, 376 S.C. at 350, 656 S.E.2d at 759 ("An accident arises out of employment when the employment
 is a contributing proximate cause of the accident. . . . 
 [I]f the injury can be seen to have followed as a natural incident of the work
 and to have been contemplated by a reasonable person familiar with the whole
 situation as a result of the exposure occasioned by the nature of the
 employment, then it arises out of the employment." (alteration in
 original) (citations and internal quotation marks omitted)); id. at 356-57, 656 S.E.2d at 762 ("An injury occurs in the
 course of employment when it occurs within the period of employment at a place
 where the employee reasonably may be in the performance of his duties and while
 fulfilling those duties or engaged in something incidental thereto.  An employee
 need not be in the actual performance of the duties for which he was expressly
 employed in order for his injury to be in the course of employment.  It is
 sufficient if the employee is engaged in a pursuit or undertaking consistent
 with his contract of hire and which in some logical manner pertains to or is
 incidental to his employment.  An act outside an employee's regular duties
 which is undertaken in good faith to advance the employer's interest, whether
 or not the employee's own assigned work is thereby furthered, is within the
 course of employment." (citations and internal quotation marks omitted)).
2.  As to
 whether the circuit court erred in reversing
 the Appellate Panel's finding Carrier's workers' compensation insurance policy
 did not cover the accident: M & M Corp. of S.C.
 v. Auto-Owners Ins. Co., 390 S.C. 255,
 259, 701 S.E.2d 33, 35 (2010) (stating insurance policies are construed using
 the general rules of contract interpretation and in favor of coverage); Patterson
 v. Courtenay Mfg. Co., 196 S.C. 515, 527-28, 14 S.E.2d 16, 21 (1941) (explaining
 that if an employee was entitled to compensation and covered by the plain terms
 of the policy, the carrier is liable for the employee's benefits).
AFFIRMED.
FEW, C.J.,
 THOMAS and KONDUROS, JJ., concur.

[1] Carrier maintains this issue is jurisdictional and
 thus is reviewed de novo.  Yet in workers' compensation cases, whether an
 injury arose out of and in the course of an employee's employment is not a
 jurisdictional question; rather, the question addresses compensability and is
 reviewed under the substantial evidence or legal error standard.  See Hall v. Desert Aire, Inc., 376 S.C. 338, 346, 656 S.E.2d 753, 757
 (Ct. App. 2007) ("Does substantial evidence
 support the factual finding that Hall's injury arose out of and in the course
 of his employment, concomitantly satisfying the legal standard for compensability
 under section 42-1-160 of the South Carolina Code of Laws?"). 
 Whether a claimant is an employee or independent contractor is the
 jurisdictional question.  Paschal v. Price, 392 S.C. 128, 132, 708 S.E.2d 771, 773 (2011).