776 S.E.2d 575

**WELLS FARGO BANK, N.A., successor-by-merger to Wachovia Bank, N.A., Respondent,**

v.

**FALLON PROPERTIES SOUTH CAROLINA, LLC, Timothy R. Fallon, Susan C. Fallon, Fallon Luminous Products Corporation, GE Business Capital Corporation, formerly Transamerica Business Capital Corporation, FSD Repurchase Solutions, LLC, and South Carolina Department of Revenue, Defendants,**

**Of Whom Fallon Properties South Carolina, LLC, Timothy R. Fallon, and Susan C. Fallon are the Appellants.**

Appellate Case No. 2015–000157.

Court of Appeals of South Carolina.

Aug. 26, 2015.

## ORDER

PER CURIAM.

In this appeal from the court of common pleas, we find that an e-mail from the office of the master-in-equity with the order on appeal as an attachment constitutes written notice of entry of the order under Rule 203(b)(1) of the South Carolina Rules of Appellate Procedure. Because Appellants served their notice of appeal more than thirty days after receipt of the email, we find the appeal is untimely and deny the petition to rehear the dismissal of this appeal.

This appeal arises out of a foreclosure action. After the foreclosure sale, Appellants filed a petition for an order of appraisal pursuant to section 29-3-680 of the South Carolina Code (2007). On December 15, 2014, the master filed an order denying the petition. The same day, the administrative assistant to the master sent attorneys for both sides an e-mail stating, "Please see attached copy of signed and clocked Form 4 and Order. I have also mailed a copy to all listed on the Form 4." The "signed and clocked" copies of the Form 4 and order were attached to the e-mail. The court[1] sent the

---

1. This court's file does not indicate whether the printed copy was sent by the master or the clerk of court.

parties a printed copy of the order through the United States Postal Service, which Appellants received on December 18, 2014.

On January 15, 2015, Appellants served Respondent with the notice of appeal from the December 15 order. The notice was served thirty-one days after Appellants received the email, but only twenty-eight days after they received the printed copy of the order. Respondent moved to dismiss the appeal as untimely. In an order signed by a single judge, we granted the motion and dismissed the appeal. The Appellants filed a petition for rehearing. We deny the petition.

Pursuant to Rule 203(b)(1), SCACR, a party wishing to appeal an order from the court of common pleas must serve the notice of appeal on the respondents "within thirty . . . days after receipt of written notice of entry of the order." Since the adoption of Rule 203 in 1990, the only limitation ever expressed on how notice must be received is that it must be "written notice." For the reasons set forth below, this court finds the e-mail constitutes written notice.

The circumstances in this case are analogous to those in *Canal Insurance Co. v. Caldwell*, 338 S.C. 1, 5–6, 524 S.E.2d 416, 418 (Ct.App.1999), in which this court held a fax constituted written notice under Rule 203(b)(1). In *Canal*, the trial court issued its order on March 17, 1997; however, counsel for the appellants apparently did not receive a copy. 338 S.C. at 4, 524 S.E.2d at 417. Counsel contacted the respondent in June 1997 to inquire about the status of the order. *Id.* On July 8, 1997, counsel for the respondent "responded via fax and mail," stating the order "had been entered on March 19 as Judgment Roll Number 211763." *Id.* Counsel for the appellants waited a month to request a copy of the order from the clerk of court and did not serve the notice of appeal until March 17, 1998. 338 S.C. at 5, 524 S.E.2d at 417–18. This court dismissed the appeal due to the appellants' failure to timely serve the notice of appeal, noting "there is no question that [counsel for the appellants] received written notice of the entry of the judgment . . . on July 8, 1997." 338 S.C. at 5–6, 524 S.E.2d at 418. July 8, 1997, is the date counsel for the appellants received the fax from opposing counsel. 338 S.C. at 4, 524 S.E.2d at 417.

Respondent's argument in this case that the e-mail was "written notice of entry of the judgment" is more persuasive than the argument we adopted in *Canal* that the fax was written notice. First, the e-mail in this case was sent from the court itself, rather than an opposing party. Second, the e-mail included a copy of the signed and clocked order, whereas the fax in *Canal* did not.[ 2] *See* 338 S.C. at 4, 524 S.E.2d at 417. Finally, although neither the rules of civil nor appellate procedure specifically authorized service by fax, e-mail has actually been contemplated by the rules. *See, e.g.*, Rule 410(e), SCACR (providing that both "[t]he mailing and e-mail address shown in the AIS [Attorney Information System] shall be used for the purpose of notifying and serving" an attorney).[ 3] Counsel for Appellants was notified of entry of the order through the e-mail address he kept on file with the AIS.

Appellants rely on *White v. South Carolina Department of Health and Environmental Control*, 392 S.C. 247, 708 S.E.2d 812 (Ct.App.2011). In *White*, this court interpreted Rule 203(b)(6), SCACR, which governs appeals to this court from the administrative law court (ALC) and provides the notice of appeal must be served on all parties of record within thirty days after "receipt of the decision." 392 S.C. at 252–55, 708 S.E.2d at 814–16. In *White*, the appellant received an e-mail on January 28, 2009, containing a signed and filed copy of the decision. 392 S.C. at 252, 708 S.E.2d at 814–15. This court held Rule 203(b)(6) contemplates receipt of the decision through proper service by mail or hand delivery; accordingly, the time for serving the notice of appeal "did not commence on the day that counsel received the decision via e-mail." 392 S.C. at 253, 708 S.E.2d at 815.

---

**2.** In *Canal*, the court stated that the fax from the respondent's counsel merely "express[ed] surprise that opposing counsel had not been notified of the judgment and stat[ed] that it had been entered on March 19 as Judgment Roll Number 211763." 338 S.C. at 4, 524 S.E.2d at 417. The court noted the appellants waited over a month to request a copy of the order. 338 S.C. at 6, 524 S.E.2d at 418.

**3.** Attorneys practicing in South Carolina have been required since November 18, 2011 to keep a valid e-mail address on file with the AIS. *Order RE: Attorney Information Systems Amendments and Requirements*, 396 S.C. 242, 721 S.E.2d 411 (2011).

*White* is distinguishable from this case for two reasons. First, this appeal falls under Rule 203(b)(1), rather than 203(b)(6). The court in *White* stressed that service of the ALC decision via the Postal Service was imperative because Rule 203(b)(6) requires actual "receipt of the decision," noting this is a different requirement than "receipt of written notice of entry of the order" as provided in Rule 203(b)(1). 392 S.C. at 254–55, 708 S.E.2d at 815–16. Here, because this is an appeal from the court of common pleas, the time for initiating the appeal began to run from "receipt of written notice of entry of the order," not "receipt of the decision." *See* Rule 203(b)(1); Rule 203(b)(6).

Second, the due process concerns addressed by the court in *White* are not present in this case. The court in *White* reasoned that due process would not allow it to recognize an e-mail as "receipt of the decision" under Rule 203(b)(6) because there is nothing "that authorizes service of a decision of the ALC by electronic mail." 392 S.C. at 254, 708 S.E.2d at 815. The court explained that in a prior case, we declined to hold a fax of an agency's decision sufficient to initiate the time for serving a notice of appeal under Rule 203(b)(6); and thus, due process would not allow the court to then recognize service by electronic mail when "there was no official written rule or notice about the binding effect of the service of an order by electronic mail." 392 S.C. at 253–54, 708 S.E.2d at 815 (citing *Trowell v. S.C. Dep't of Pub. Safety*, 384 S.C. 232, 681 S.E.2d 893 (Ct.App.2009)). Conversely, in an appeal from the court of common pleas, the parties are on notice that a fax is written notice for initiating the time for serving a notice of appeal under Rule 203(b)(1). *See Canal*, 338 S.C. at 5–6, 524 S.E.2d at 417–18.

Receipt of written notice is the critical event under Rule 203(b)(1), and Appellants received written notice on December 15, 2014—the date of the e-mail. Appellants failed to timely serve the notice of appeal "within thirty ... days after receipt of written notice." Rule 203(b)(1). Therefore, this court lacks appellate jurisdiction, and we were required to dismiss the appeal. *See* Rule 263(b), SCACR ("The time prescribed by these Rules for performing any act except the time for serving the notice of appeal under Rules 203 and 243 may be extended or shortened by the appellate court, or by any judge or justice

thereof."); *USAA Prop. & Cas. Ins. Co. v. Clegg,* 377 S.C. 643, 651, 661 S.E.2d 791, 795 (2008) ("The requirement of service of the notice of appeal is jurisdictional, *i.e.,* if a party misses the deadline, the appellate court lacks jurisdiction to consider the appeal and has no authority or discretion to 'rescue' the delinquent party by extending or ignoring the deadline for service of the notice."); *Canal,* 338 S.C. at 5, 524 S.E.2d at 418 (providing that the failure of a party to serve the notice of appeal within thirty days after receiving written notice of the entry of the order divests this court of jurisdiction and requires the dismissal of the appeal). For these reasons, the petition for rehearing is denied.

s/John Cannon Few, C.J.

s/Thomas E. Huff, J.

s/Paul E. Short, Jr., J.