801 S.E.2d 401

**William Henry CHAPMAN, Appellant,**

v.

**SOUTH CAROLINA DEPARTMENT OF SOCIAL SERVICES, Respondent.**

**Appellate Case No. 2015-001548**
**Opinion No. 5482**

Court of Appeals of South Carolina.

Heard February 13, 2017

Filed May 3, 2017

Rehearing Denied July 17, 2017

Dwight Christopher Moore, of Moore Law Firm, LLC, of Sumter, for Appellant.

William C. Smith, of Columbia, for Respondent.

SHORT, J.:

William Henry Chapman filed a grievance against his employer, South Carolina Department of Social Services (DSS), alleging his termination was improper. On appeal, he argues the Administrative Law Court (ALC) erred in (1) finding he failed to exhaust his administrative remedies and (2) failing to find DSS was estopped from raising the issue even if he failed to exhaust his administrative remedies. We reverse and remand.

**FACTS/PROCEDURAL HISTORY**

DSS terminated Chapman from his employment with the Clarendon County Division of DSS by hand-delivered letter dated June 3, 2014. The letter stated, "You may contact the Office of Human Resource Management at (803) . . . regarding your possible grievance rights." By separate letter dated June 3, 2014, DSS notified Chapman, "Employees must initiate a grievance within 14 calendar days of the effective day of the grievable action." This letter indicated a copy of DSS Form 1449, a copy of the Employee Grievance and Appeal Form, and a copy of the DSS Human Resources Policy and Procedure Manual, Chapter 6 (the Manual) were included with the letter.

Chapman retained counsel, who responded by letter dated June 12, 2014. The letter stated that pursuant to section 600 of the DSS grievance procedure, Chapman "desire[d] to grieve the termination." Chapman believed this letter was sufficient

to grieve his termination. Between June 12 and June 20, 2014, Chapman learned he needed to file a Form 1449. On June 20, 2014, Chapman's counsel submitted Form 1449 to DSS with an accompanying letter stating, "Please find enclosed the DSS Form 1449[,] which you requested. ..." The Form 1449 included basic information such as name, job title, and address, and other information including the effective date of the grievable action, an explanation, and the relief sought. By letter dated June 25, 2014, DSS notified Chapman his grievance had been assigned to a grievance reviewer and informed him to send relevant documents by July 9, 2014.

In a Grievance Decision Form dated July 25, 2014, the Acting State Director of DSS denied Chapman relief, finding, "I uphold the Agency's decision to terminate Mr. Chapman. I have fully reviewed all submitted information prior to rendering this decision." Chapman appealed to the State Human Resources Director (the Director).

By Final Decision dated September 4, 2014, the Director denied Chapman's appeal. Relying on the fourteen-day time limit to initiate grievances pursuant to section 8-17-330 of the South Carolina Code, the Director found Chapman failed to file his grievance within the required time frame. The Director also cited section 603 of the Manual in finding the grievance was not timely filed because the Form 1449 was not filed within fourteen days. The order found because Chapman failed to timely file his grievance, he failed to exhaust his administrative remedies, and the merits of the case were not reviewed. Chapman requested reconsideration, which was denied.

Chapman appealed to the ALC. By order dated June 16, 2015, the ALC affirmed the Director. The ALC rejected Chapman's argument that the June 12, 2014 letter from his counsel should be viewed as a notice of appeal for the purpose of satisfying the requirements of section 8-17-330 of the South Carolina Code. The ALC noted that although section 8-17-330 requires only that a grievance be initiated within fourteen calendar days, it also contains language mandating each agency establish a grievance procedure. Because Chapman had been provided with the Manual, the ALC found he knew or should have known the appropriate form to file. Finally, although the ALC found Chapman's argument persuasive

because "the same information contained in the DSS Form 1449 was included in the notice of appeal from [Chapman's] counsel[,]" the ALC concluded it was bound by the Administrative Procedures Act (APA) to defer to the determination of the agency. The ALC did not rule on Chapman's estoppel argument. This appeal followed.

## ISSUES

A. Did the ALC err in finding Chapman's grievance was not timely filed and he consequently failed to exhaust his administrative remedies?

B. Did the ALC err in failing to find DSS was estopped from raising the issue of Chapman's failure to exhaust his administrative remedies?

## STANDARD OF REVIEW

"In an appeal from the decision of an administrative agency, the [APA] provides the appropriate standard of review." *Original Blue Ribbon Taxi Corp. v. S.C. Dep't of Motor Vehicles*, 380 S.C. 600, 604, 670 S.E.2d 674, 676 (Ct. App. 2008). "As to factual issues, judicial review of administrative agency orders is limited to a determination [of] whether the order is supported by substantial evidence." *MRI at Belfair, LLC v. S.C. Dep't of Health & Envtl. Control*, 379 S.C. 1, 6, 664 S.E.2d 471, 474 (2008). When the issue on review involves a question of law, our standard of review "allows this court to reverse the ALC's decision if it is affected by an error of law." *Ackerman v. S.C. Dep't of Corr.*, 415 S.C. 412, 417, 782 S.E.2d 757, 760 (Ct. App. 2016). "Statutory interpretation is a question of law." *S.C. Coastal Conservation League v. S.C. Dep't of Health & Envtl. Control*, 390 S.C. 418, 425, 702 S.E.2d 246, 250 (2010). Unless there is a compelling reason to the contrary, appellate courts "defer to an administrative agency's interpretations with respect to the statutes entrusted to its administration or its own regulations." *Kiawah Dev. Partners, II v. S.C. Dep't of Health & Envtl. Control*, 411 S.C. 16, 34, 766 S.E.2d 707, 718 (2014).

## LAW/ANALYSIS

Chapman argues the ALC erred in finding he did not timely file his grievance. We agree.

Section 8-17-330 of the South Carolina Code states in part, "Each agency shall establish an agency employee grievance procedure.... The procedure must provide that all grievances ... must be initiated internally by such employee within fourteen calendar days...." S.C. Code Ann. § 8-17-330 (Supp. 2016). At the time of this action, Section 19-718.04(B) of the State Human Resources Regulations provided, "A covered employee must initiate a grievance in writing internally with the agency within 14 calendar days of the effective date of the employment action." 1 S.C. Code Ann. Regs. 19-718.04(B) (2011).[1] The Grievance Procedure Model Policy provides a "grievance must be in writing and must be received ... within 14 calendar days of the effective date of the action or 14 calendar days from when the employee is notified of the action, whichever is later." Only the Manual requires "[t]he grievance of an adverse employment action [to] be filed in writing on DSS Form 1449 Grievance and Appeal Form with the Human Resources Management Director within fourteen (14) calendar days of the effective date of the employment action." Neither the statute nor the governing regulation requires an employee to initiate a grievance on a particular form; rather, only the Manual includes this requirement.

Chapman argues the substantive information required in the Form 1449 was provided in his counsel's letter, which was timely filed. The ALC also found Chapman's counsel's letter contained the same information required by Form 1449. We find the ALC's conclusion—that despite this factual finding timely notice was not provided—elevates form over substance. *See Gordon v. Busbee*, 367 S.C. 116, 120-21, 623 S.E.2d 857, 859-60 (Ct. App. 2005) (reversing the circuit court's dismissal of an action for failure to file a specific probate court form when the appellant's filing accomplished precisely what the probate court form required, and to affirm would be to elevate form over substance where the purpose of the form, to provide notice of a claim against the estate, was satisfied).

---

1. The regulation was amended effective October 28, 2016, to read as follows: "A covered employee must initiate a grievance in writing internally with the agency within 14 calendar days of the effective date of the employment action *in accordance with the agency's grievance policy.*" S.C. State Register Volume 40, Issue No. 10, eff. October 28, 2016 (emphasis added).

Chapman also argues the Director erred in relying on *Law v. South Carolina Department of Corrections*, 368 S.C. 424, 629 S.E.2d 642 (2006), and *Hyde v. South Carolina Department of Mental Health*, 314 S.C. 207, 442 S.E.2d 582 (1994), in finding he failed to timely file a grievance. In *Law*, several correctional officers filed numerous tort actions against the South Carolina Department of Corrections (the Department) arising from their arrests and subsequent dismissals from the Department. 368 S.C. at 432-33, 629 S.E.2d at 646-47. The trial court directed a verdict for the Department on the officers' wrongful termination claims, ruling the officers had failed to exhaust their administrative remedies. *Id.* at 438, 629 S.E.2d at 650. Our supreme court affirmed, finding two[2] of the officers' "[f]ailure to file an appeal with the State Human Resources Director within the statutory time period constitute[d] a waiver of the right to appeal." *Id.* at 440, 629 S.E.2d at 651.

In *Hyde*, our supreme court reversed the trial court's order striking the defendant's defense of failure to exhaust administrative remedies in Hyde's action under the South Carolina Whistleblower Statute. 314 S.C. at 208, 442 S.E.2d at 582. The court found "the trial judge abused his discretion in finding as a matter of law that Hyde did not have to exhaust administrative remedies simply because the Whistleblower Statute [did] not expressly require it." *Id.* at 209, 442 S.E.2d at 583.

We agree with Chapman that neither *Law* nor *Hyde* is instructive in this case. In those cases, the issue was whether the plaintiffs' failure to seek administrative remedies at all precluded their actions in circuit court. Here, Chapman sought his administrative remedies, and the issue is whether his filing was sufficient for administrative consideration. We find Chapman complied with the applicable regulations at the time of his grievance by initiating his grievance in his attorney's letter within the required fourteen-calendar-day limit.

In addition, Chapman relies on and we find guidance in *Paschal v. Price*, 380 S.C. 419, 670 S.E.2d 374 (Ct. App. 2008), *aff'd*, 392 S.C. 128, 708 S.E.2d 771 (2011), *overruled on other*

---

**2.** As to the other officers, the supreme court affirmed, finding because they resigned, they did not state a cause of action for wrongful discharge. *Law*, 368 S.C. at 439-40, 629 S.E.2d at 651.

*grounds by Wilkinson ex rel. Wilkinson v. Palmetto State Transp. Co.*, 382 S.C. 295, 676 S.E.2d 700 (2009). In *Paschal*, although an employee's notice of appeal from an order of the workers' compensation commission was timely received by the circuit court, the clerk of court returned it because it lacked the civil cover sheet required by a March 19, 2004 order of the South Carolina Supreme Court requiring the use of Civil Cover Sheet, SCCA/234 (3/2004), as an attachment to all initial pleadings in the Court of Common Pleas. *Id.* at 439, 670 S.E.2d at 385. Although the employee's refiling with the required cover sheet was not timely, the circuit court denied the employer's motion to dismiss the appeal. *Id.* at 429, 670 S.E.2d at 380. This court affirmed, stating "[s]ection 1-23-380 ... sets forth the filing requirements for appeals of administrative decisions under the [APA].... Nowhere in that section or in section 42-17-60, which addresses procedures for appealing a workers' compensation award, is there any mention that a cover sheet is necessary when filing an appeal." *Id.* at 440, 670 S.E.2d at 385.

■ "Although a regulation has the force of law, it must fall when it alters or adds to a statute." *S.C. Coastal Conservation League v. S.C. Dep't of Health & Envtl. Control*, 390 S.C. 418, 429, 702 S.E.2d 246, 252 (2010); *see Goodman v. City of Columbia*, 318 S.C. 488, 490, 458 S.E.2d 531, 532 (1995) (finding a regulation that required a particular form for review of a hearing commissioner's decision added to the statute, which only required the filing of notice of intent to appeal within fourteen days).

■ We recognize a party must exhaust administrative remedies before the courts will act. *Brown v. James*, 389 S.C. 41, 48, 697 S.E.2d 604, 608 (Ct. App. 2010). We are also cognizant of the rule stating "[t]he construction of a statute by the agency charged with its administration will be accorded the most respectful consideration and will not be overruled absent compelling reasons." *Dunton v. S.C. Bd. of Exam'rs in Optometry*, 291 S.C. 221, 223, 353 S.E.2d 132, 133 (1987). However, rather than reviewing an agency's interpretation of a regulation in this case, we are reviewing whether an agency may add requirements to a statute. We find it may not. *See Trowell v. S.C. Dep't of Pub. Safety*, 384 S.C. 232, 236-37, 681

S.E.2d 893, 896 (Ct. App. 2009) (acknowledging a court must defer to an administrative agency's interpretation of its employee grievance procedure, but concluding the agency's interpretation of its service of process rule regarding service by facsimile was overly harsh).

Because the ALC affirmance elevated form over substance and added a requirement to the governing statute, we reverse and remand.[3]

## CONCLUSION

Based on the foregoing, we reverse and remand to the ALC for proceedings consistent with this opinion.

**REVERSED and REMANDED.**

WILLIAMS and KONDUROS, JJ., concur.

---

**3.** Based on our disposition of this issue, we decline to address Chapman's argument the ALC erred in failing to find DSS was estopped from raising the issue of his failure to exhaust his administrative remedies. *See Futch v. McAllister Towing of Georgetown, Inc.*, 335 S.C. 598, 613, 518 S.E.2d 591, 598 (1999) (stating an appellate court need not address remaining issues when a decision on a prior issue is dispositive).