**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Supreme Court**

Charles E. Strickland, III, Latisha D. Strickland and Justin R. Dillon, Petitioners,

v.

Marjorie E. Temple, Respondent.

Appellate Case No. 2016-000990

————————

ON WRIT OF CERTIORARI TO THE COURT OF APPEALS

————————

Appeal From Lexington County
The Honorable James O. Spence, Master-in-Equity

————————

Memorandum Opinion No. 2018-MO-015
Submitted March 7, 2018 – Filed April 4, 2018

————————

**REVERSED AND REMANDED**

————————

Frederick Ivey Hall, III, of The Rick Hall Law Firm, LLC, of Lexington, for Petitioners.

Rolland E. Greenburg, III, of Rolland E. Greenburg, III, PA, and Spencer Andrew Syrett, both of Columbia, for Respondent.

**PER CURIAM:** Petitioners seek a writ of certiorari to review an order of dismissal of the court of appeals. We grant the petition, dispense with further briefing, and remand to the court of appeals.

Petitioners filed this action to foreclose on an equitable interest in real property and/or terminate a conditional sales agreement and bond for title. The master-in-equity terminated the agreement after respondent conceded she had no equitable interest in the property. Petitioners thereafter filed a motion for a separate award of attorney fees and Rule 11 sanctions. The master signed and filed an order denying petitioners' requested relief on June 4, 2015. The master's assistant e-mailed a clocked copy to counsel for both parties the same day. A second clocked copy of the order, this time along with a Form 4, was e-mailed to counsel on June 16. Petitioners filed a motion for reconsideration pursuant to Rule 59(e), SCRCP, on June 26. On September 1, the master denied petitioners' Rule 59(e) motion, but found that the motion was timely filed. Petitioners then filed a notice of appeal on September 28. The court of appeals found that petitioners' appeal was untimely and granted respondent's motion to dismiss. The court of appeals found the ten day period to file a motion for reconsideration began on June 4, when the order was first e-mailed to the parties, making petitioners' Rule 59(e) motion untimely, and ultimately making petitioners' appeal untimely, as the post-trial motion did not operate to toll the thirty day period for service of the notice of an appeal. *See* Rule 59(e), SCRCP ("A motion to alter or amend the judgment shall be served not later than 10 days after receipt of written notice of the entry of the order."); Rule 203(b)(1), SCACR ("When a timely . . . motion to alter or amend the judgment . . . has been made, the time for appeal for all parties shall be stayed and shall run from receipt of written notice of entry of the order granting or denying such motion.").

In dismissing petitioners' appeal, the court of appeals cited *Wells Fargo Bank, N.A. v. Fallon Properties South Carolina, LLC*, 413 S.C. 642, 776 S.E.2d 575 (Ct. App. 2015), in which the court of appeals found that an e-mail from the office of the master-in-equity with the order on appeal attached constituted written notice of entry of the order under Rule 203(b)(1), SCACR, and dismissed the appeal because the appellants served their notice of appeal more than thirty days after receipt of the e-mail. This Court recently issued an opinion affirming, as modified, the court of appeals decision in *Wells Fargo*, *supra*. *See Wells Fargo Bank, N.A. v. Fallon Properties S.C., LLC*, Op. No. 27773 (Sup. Ct. filed Feb. 28, 2018). We held that an e-mail providing written notice of entry of an order or judgment for purposes of Rule 203(b)(1), SCACR triggers the time to appear as long as the e-mail is

received from the court, an attorney of record, or a party. However, we also held that our ruling on this issue is to apply *prospectively*, and therefore remanded the case to the court of appeals to allow the appeal to proceed on its merits.

The same rationale applies in the case at hand. Accordingly, we reverse the order of the court of appeals and remand this matter for a ruling on the merits of petitioners' appeal.

**REVERSED AND REMANDED.**

**BEATTY, C.J., KITTREDGE, HEARN, and JAMES, JJ., concur. FEW, J., not participating.**