**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
In The Court of Appeals

Johnny Burton, Respondent,

v.

South Carolina Department of Probation, Parole and Pardon Services, Appellant.

Appellate Case No. 2016-002131

―――――――――――

Appeal From The Administrative Law Court
John D. McLeod, Administrative Law Judge

―――――――――――

Unpublished Opinion No. 2018-UP-304
Submitted June 1, 2018 – Filed July 5, 2018

―――――――――――

**REVERSED**

―――――――――――

Tommy Evans, Jr., of the South Carolina Department of Probation, Parole and Pardon Services, of Columbia, for Appellant.

Johnny Burton, pro se.

―――――――――――

**PER CURIAM:** The South Carolina Department of Probation, Parole and Pardon Services (the Department) appeals an Administrative Law Court (ALC) order reversing and remanding the parole board's (the Board's) denial of inmate Johnny Burton's parole. On appeal, the Department argues the ALC erred by finding it

denied Burton due process by failing to inform him that it would perform a COMPAS[1] assessment prior to his parole hearing. We reverse.[2]

Section 24-21-10(F)(1) requires the Board to use a risk assessment tool when deciding whether to grant or deny parole. The risk assessment is a separate requirement that the Board must consider along with "the written, specific criteria" for granting parole referenced in section 24-21-640 of the South Carolina Code (Supp. 2017). *See* § 24-21-640 ("The [B]oard must establish written, specific criteria for the granting of parole and provisional parole. This criteria must reflect all of the aspects of this section and include a review of a prisoner's disciplinary and other records."). Although section 24-21-640 requires that the criteria for the granting of parole "must be made available to all prisoners at the time of their incarceration," section 24-21-10(F)(1) does not contain such a requirement. We find that if the legislature had intended to require the Department to provide an inmate with prior notice of the Board's use of a risk assessment tool, it would have included a notice requirement in section 24-21-10(F)(1). *See Savannah Riverkeeper v. S.C. Dep't of Health & Envtl. Control*, 400 S.C. 196, 201, 733 S.E.2d 903, 905 (2012) (providing that the primary rule of statutory construction is to ascertain and effectuate the intent of the legislature). Because the Department is not required to provide inmates with notice of the Board's use of a risk assessment tool and because the Department properly notified Burton of the criteria to be considered by the Board as required by section 24-21-640, no statutory or due process violation occurred. *See Greenholtz v. Inmates of Neb. Penal & Corr. Complex*, 442 U.S. 1, 15 (1979) ("[W]e find nothing in the due process concepts as they have thus far evolved that requires the Parole Board to specify the particular 'evidence' in the inmate's file or at his interview on which it rests the discretionary determination that an inmate is not ready for conditional release."); *id.* at 15-16 ("To require the parole authority to provide a summary of the evidence would tend to convert the process into an adversary proceeding and to equate the Board's parole-release determination with a guilt determination."). Accordingly, we hold the ALC's order was affected by an error of law. *See* S.C. Code Ann. § 1-23-610(B) (Supp. 2017) (providing this court may reverse the ALC's decision if it is affected by an error of law); *see also Chapman v. S.C. Dep't of Soc. Servs.*, 420 S.C. 184, 188, 801 S.E.2d 401, 403 (Ct. App. 2017) ("Unless there is a compelling reason to the contrary, appellate courts 'defer to an administrative

---

[1] COMPAS is an acronym for "Correctional Offender Management Profile for Alternative Sanctions," which is a risk assessment tool used by the Department in compliance with section 24-21-10(F) of the South Carolina Code (Supp. 2017).

[2] We decide this case without oral argument pursuant to Rule 215, SCACR.

agency's interpretations with respect to the statutes entrusted to its administration or its own regulations.'" (quoting *Kiawah Dev. Partners, II v. S.C. Dep't of Health & Envtl. Control*, 411 S.C. 16, 34, 766 S.E.2d 707, 718 (2014))).[3]

**REVERSED.**

**LOCKEMY, C.J., and WILLIAMS and KONDUROS, JJ., concur.**

---

[3] The Department also contends it cannot comply with the ALC's order to hold a new parole hearing for Burton within thirty days because South Carolina law requires it to provide thirty days' notice to the victims, solicitor's office, and law enforcement involved in Burton's case. Because we are reversing the ALC's order above, we need not address this argument. *See Futch v. McAllister Towing of Georgetown, Inc.*, 335 S.C. 598, 613, 518 S.E.2d 591, 598 (1999) (holding an appellate court need not address remaining issues when disposition of a prior issue is dispositive).