**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

Jacob Tisdale, Deceased Claimant, Appellant,

v.

Williamsburg County Department of Special Needs, Employer, and State Accident Fund, Carrier, Respondents.

Appellate Case No. 2017-001135

Appeal From The Workers' Compensation Commission

Unpublished Opinion No. 2019-UP-145
Submitted March 1, 2019 – Filed April 24, 2019

**AFFIRMED**

Kimberly Veronica Barr and Ronnie Alan Sabb, of Sabb Law Group, L.L.C., of Kingstree, for Appellant.

George D. Gallagher, of Speed, Seta, Martin, Trivett & Stubley, LLC, of Columbia, for Respondents.

**PER CURIAM:** Affirmed pursuant to Rule 220(b), SCACR, and the following authorities: *Paschal v. Price*, 392 S.C. 128, 131, 708 S.E.2d 771, 772 (2011) ("The Administrative Procedures Act [(the APA)] provides the standard for judicial review of workers' compensation decisions."); *id.* at 131, 708 S.E.2d at 772-73

("Under the APA, this [c]ourt can reverse or modify the decision of the [Workers' Compensation] Commission if the substantial rights of the appellant have been prejudiced because the decision is affected by an error of law or is clearly erroneous in view of the reliable, probative, and substantial evidence on the whole record."); *Pratt v. Morris Roofing, Inc.*, 357 S.C. 619, 622, 594 S.E.2d 272, 273 (2004) ("In a workers' compensation case, the [Appellate Panel] is the ultimate fact-finder."); *id.* at 622, 594 S.E.2d at 273-74 ("It is not the task of this [c]ourt to weigh the evidence as found by the [Appellate Panel,] and we must affirm the findings of fact made by the commission if they are supported by substantial evidence."); *Holmes v. Nat'l Serv. Indus., Inc.*, 395 S.C. 305, 308-09, 717 S.E.2d 751, 752 (2011) ("The substantial evidence test 'need not and must not be either judicial fact-finding or a substitution of judicial judgment for agency judgment[,]' and a judgment upon which reasonable men might differ will not be set aside." (quoting *Lark v. Bi-Lo, Inc.*, 276 S.C. 130, 136, 276 S.E.2d 304, 307 (1981))); *Muir v. C.R. Bard, Inc.*, 336 S.C. 266, 296, 519 S.E.2d 583, 598 (Ct. App. 1999) ("Laches is neglect for an unreasonable and unexplained length of time, under circumstances affording opportunity for diligence, to do what in law should have been done."); *Emery v. Smith*, 361 S.C. 207, 215, 603 S.E.2d 598, 602 (Ct. App. 2004) ("The party seeking to establish laches must show (1) delay, (2) unreasonable delay, and (3) prejudice."); *id.* at 216, 603 S.E.2d at 602 ("The inquiry into the applicability of laches is highly fact-specific and each case must be judged by its own merits.").

**AFFIRMED.**[1]

**HUFF, THOMAS, and KONDUROS, JJ., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.